## HOUGHTON & PALMER v. BECK.

### PLEADINGS—VERDICT CURES DEFECTS.

A defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given the verdict.

APPEAL from Multnomah.    The facts are stated in the opinion.

*Northup & Gilbert*, for appellants.

*Durham & Thompson*, for respondent.

By the Court, LORD, C. J.:

This case was begun in a justice's court; issue was joined on the pleadings, and a jury trial had, which resulted in a verdict and judgment for the defendant.    An appeal was taken to the circuit court, and after the usual course of trial, resulted again in a verdict and judgment for the defendant.    The appeal is brought to this court on a motion for judgment on the pleadings.    The action is for labor and materials furnished at the request of the defendant, for a certain sum, expressly agreed upon, in building a fire-place and chimney for the defendant.    The answer specifically denies these allegations, and alleges, affirmatively, "that on or about the —— day of ——, 1879, defendant let the contract to build a house complete, to one E. A. Brown, for the sum of ten hundred and

nine dollars, and that said fire-place and chimneys were built by plaintiffs in said house at the request of said Brown, and that said Brown has been fully paid therefor by defendant."

The reply denies any knowledge or information sufficient to form a belief as to whether, on the —— day of ——, 1879, or any other time, the defendant let the or any contract to build a house complete, or otherwise, etc. "Denies that said fire-place or chimneys, or either or all of them, were built in said house at the request of said Brown, or under any contract or agreement with him."

The appellants claim that there is sufficient admitted by the pleadings to entitle them to judgment. We are unable to concur in this view. The matter set up by way of defense, tested by technical rules, is undoubtedly defectively stated, but could have been cured on motion to make the pleading more definite. Mere vagueness in a pleading is to be corrected by amendment, and not visited by judgment. (*Kelly* v. *Barnett*, 16 How. Pr. R., 135; *Fairchild*. v. *Gwynne*, 9 Abb. Pr., 23.)

The necessary facts are mentioned, not with fullness or accuracy of statement, but taken in connection with the reply, no doubt can exist of the actual intent and meaning of the parties. Our statute has abrogated the common law doctrine of an interpretation adverse to the pleader, and requires that in the construction of a pleading, for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties. (Civil code, sec. 84.)

The courts are uniform in holding that strict formality is not required in pleadings before justice's courts, and certainly if there is any occasion in which this liberal construction of the statute should be applied with favor, it is in proceedings before these courts. (*Ross* v. *Hamilton*, 3 Barb., 610; *Blake* v. *Graves, et al.*, 18 Iowa, 313.)

When the matter set up is sufficient to show the nature of the defense relied upon, and is not calculated to mislead the

adverse party, the authorities plainly indicate that the disposition of the higher courts is to sustain, not to reverse, the judgments of such courts. *But, be this as it may*, there is no doubt that formal defects, such as imperfect statements, or the omission of certain formal allegations, are cured by verdict.

The matter set up by way of defense and denied, necessarily included full proof of the matter defectively stated, before the jury could have reached the result of which their verdict is decisive.

The rule applicable to such cases, to be deduced from the authorities and elementary writers, as stated by Proffatt on Jury Trials, sec. 419, is that "a defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated, or omitted, without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given the verdict." (*Dale* v. *Dean*, 16 Conn., 579; *Stanbury* v. *Nicholl*, 30 Texas, 150.) The judgment of the court below is affirmed.

Judgment affirmed.