# DAVID v. WATERS.

PLEADING—WHEN SUFFICIENT AFTER VERDICT.—In an action for injuries resulting in the death of plaintiff's minor son, an allegation that plaintiff (the mother) was the "next of kin" of the decedent, will be held sufficient after verdict. The allegation could have been sustained only by showing that the father was dead.

APPEAL from Wasco County.

*J. C. Moreland*, for appellant.

*R. R. Giltner*, for respondent.

By the Court, THAYER, J.:

This appeal is from a judgment of the circuit court for the county of Wasco, rendered in favor of the respondent and against the appellant in an action brought by the former against the latter to recover damages for the death of a child. The respondent alleged in her complaint in said action that Bernhard David was in the employ of the Lost Lake and Columbia Manufacturing Co., in their saw mill in said county; that in the forenoon of the 23d day of November, 1883, while he, with one Jack Woods, the engineer of said company, was endeavoring to remove the main driving wheel from its center, the appellant carelessly, negligently and wrongfully turned on the steam of the engine which drove said wheel, suddenly set it in motion, and which resulted in the immediate death of the said Bernhard; that said Bernhard was under the age of twenty-one years and died intestate; that his next of kin was his mother, the said respondent, who was dependent upon him for subsistence, and who, by the loss of his labor and services, had sustained pecuniary injury by his death. The case was tried by the

court and a jury duly impaneled. The said jury returned a small verdict for the respondent, and against the appellant, upon which the judgment appealed from was entered.

The only question raised upon the appeal is as to the sufficiency of the complaint; which question is raised for the first time in this court. The statute under which such an action is maintainable provides, that a father, or in case of his death or desertion of his family, the mother, may maintain an action as plaintiff for the injury or death of a child; (sec. 33, Civil Code,) and the appellant's counsel insists that the complaint is fatally defective in not alleging the fact that the father of the said Bernhard was either dead or had deserted his family. That allegation is not, in terms, made in the complaint, and the judgment will have to be reversed, unless the fact omitted is so connected with the facts which are alleged in the complaint that they could not have been proved without proving the fact omitted. The allegation in the complaint is, that said Bernhard's next of kin was his mother, the respondent, and that fact is presumed, after verdict, to have been proved at the trial. Could the fact that the respondent was the next of kin of the said Bernhard have been proved without proving that his father was dead? "Next of kin" must mean nearest in relationship, and, we think, implies that the father, who would have maintained that relation if alive, was dead. We are of the opinion that we may presume, after verdict, that proof of the father's death was made at the trial in the proof that the mother, the respondent, was next of kin. Such a presumption, we believe, would be authorized under the rule laid down in *Addington* v. *Allen*, 11 Wend., 375.

The judgment of the court below is therefore affirmed.