[Filed May 19, 1885.]

### HENRY WEINER v. LEE SHING ET AL.

COMPLAINT — CAUSE OF ACTION. — A complaint which alleges that defendants employed G. and B. to perform services, for which they promised to pay said G. and B. $1,000; that G. and B. for a valuable consideration assigned said claim to the plaintiff, does not state a cause of action, in failing to allege that such services were performed.

DEFECTIVE PLEADING — WHEN AIDED BY VERDICT. — The verdict does not supply any fact omitted from a pleading, but it establishes every reasonable inference that can be drawn therefrom.

MULTNOMAH COUNTY. Defendants appeal. Reversed.

*W. H. Adams*, for Appellants.

It is necessary to allege either performance or a promise to perform in a complaint on a contract for services. (*Russell* v. *Slade*, 12 Conn. 455; *Lent* v. *Padelford*, 10 Mass. 230; *Warren* v. *Bean*, 6 Wis. 120.) The failure to so state is a material defect, and is not cured by verdict. (*Mack* v. *City of Salem*, 6 Oreg. 275; *Chichester* v. *Vass*, 1 Call, 83; S. C. 1 Am. Dec. 509; *Lee* v. *Emery*, 10 Minn. 187; *Trimble* v. *Doty*, 16 Ohio St. 118, 128.)

*W. Scott Beebe*, and *G. W. Yocum*, for Respondent.

Even admitting that the statement of the cause of action in the complaint is defective, it is cured by the verdict. (*Bowen* v. *Emmerson*, 3 Oreg. 452.)

THAYER, J.—This appeal is from a judgment for the plaintiff, rendered in an action to recover money. The action was tried by a jury, and resulted in a verdict for the respondent for the sum of $1,000, the amount claimed to be due. Among the questions raised upon the appeal is that the complaint does not state facts sufficient to constitute a cause of action. The following is the substance of the complaint:—

"That Lee Shing and Lee Shing Tin are, and during all the times herein mentioned were partners, doing business at Portland, Oregon, under the style and firm name of 'Quon Wo On,' and that during the year 1883 said above-named defendants and Ah Foo employed Gaston & Beebe to perform services, for which they promised and agreed to pay said Gaston & Beebe the sum of $1,000 on or before May 1, 1884; that on May 16, 1884, said Gaston & Beebe, for a valuable consideration, assigned said claim to plaintiff, who now owns the same, and upon which there is now due and owing the sum of $1,000. Plaintiff therefore asks judgment against defendants for $1,000, and costs and disbursements."

The respondent's counsel claims that if the complaint would have been held insufficient upon demurrer, by reason of any defect apparent upon its face, such defect has been cured by verdict. The rule is no doubt correct, that where the statement of the plaintiff's cause of action, and that only, is defective or

inaccurate, the defect is cured by a general verdict in his favor. But where no cause of action is stated, the omission is not cured by verdict. (Gould Plead. 463, § 13.) The reason of the rule as stated in the section is there explained by the following quotation from a decision made by Lord Mansfield : —

"To entitle him [the plaintiff] to recover, all circumstances necessary in form or substance to complete the title so imperfectly stated must be proved at the trial; and it is, therefore, a fair presumption that they were proved."

It is not always an easy matter to determine whether such defect is in the statement of the title or cause of action, or a defect in the title or cause of action. The verdict does not supply any fact omitted from the complaint, but it establishes every reasonable inference that can be drawn therefrom. If the complaint is defective in not containing some material allegation, the defect will not be cured by verdict. In this case, the gist of the action was a promise to pay the $1,000, but that promise, standing alone, was *nudum pactum*. No right of action in such case arises in favor of the promisee in consequence of its breach. The facts showing that the promise was binding had to be alleged. The plaintiff, in such a case, must show by his complaint, not only that the defendant made a promise that he had broken, but also that the promise was made upon sufficient consideration; and unless the allegation in this complaint, that the defendant employed Gaston & Beebe to perform services, directly or by necessary implication avers a sufficient consideration for the promise to pay the $1,000, the cause of action was defective.

The said allegation is the statement of an executory consideration. The employment of Gaston & Beebe was to "perform services." It was something to be done by those parties. No other construction can be placed upon the words employed. In declaring upon such a promise it is always necessary to state the particular consideration upon which it was founded, and it is essential that the consideration stated should be legally sufficient. (1 Chitty Plead. 293.) The learned author also says (pp. 295, 296) that in the statement of an executory consideration a greater degree of certainty is required than in that of an

executed consideration. "The consideration and the promise of the defendant are two distinct things. In order to show that the plaintiff possesses a right of action, it is, in general, necessary to aver performance of the consideration on his part, which allegation, being material and traversable, must be made with proper certainty of time and place. This obligation of averring performance imposes upon the plaintiff the necessity of stating the consideration with a greater degree of certainty and minuteness than in the case of executed considerations; for the court would otherwise be unable to judge whether the performance averred in the declaration were sufficient." These requirements are certainly very reasonable. A naked promise to pay a sum of money, unless in a promissory note or in an instrument under seal, imports no consideration. The first inquiry of the mind is, where such promise is alleged to have been made, what was it for? The plaintiff who seeks to enforce the promise must answer that inquiry satisfactorily. He must show that it was made upon a consideration legally sufficient, and if an executory consideration, that he has performed it, or legally obligated himself to perform it, and been ready and willing to carry out his undertaking in that behalf; if an executed consideration, that it was performed by the promisee at the request of the promisor.

These rules of pleading have been maintained by able courts for centuries; they are the soul of reason, and should be enforced between all classes of persons involved in litigation, of whatever complexion. It is hardly necessary to say that the respondent's complaint wholly fails to conform to the rules referred to. It fails to disclose what the employment was. The court could not know from it whether the employment was to do a lawful or an unlawful thing, and there is no pretense in the complaint that the parties performed it, whatever it was. The respondent may as well have counted upon the breach of a bare promise to pay the money as upon the meager facts alleged. All that can be claimed to be alleged is an employment to do services. The complaint would have been improved by a statement showing what Messrs. Gaston & Beebe were employed to do, but it

would then have been totally defective without a further state-ment showing that they had performed it, or, as before men-tioned, had legally obligated themselves to perform it. It is error to render a judgment upon a defective complaint. The judgment of the court is a conclusion of law from the facts con-tained in the whole record, and if that discloses a complaint radically defective, the plaintiff is not entitled to any judgment. (Gould Plead. p. 459, § 3.)

Upon the view we have taken, the judgment appealed from is not supported by the complaint in the action, and must there-fore be reversed. The case will be remanded, and the defendant may apply to the court below for leave to amend his complaint.