[Filed November 21, 1889.]

EDWARD W. BINGHAM, Respondent, *v.* SARAH M. KERN, ET AL., Appellants.

In an action to recover the possession of real property, under the Code of this State, it is necessary that the plaintiff allege in his complaint that he is entitled to the possession of the property. Section 318 of the Code peremptorily makes such an allegation material to the plaintiff's cause of action.

APPEAL from a judgment of the circuit court for the county of Multnomah, entered upon the findings of fact found by the court.

The facts sufficiently appear in the opinion.

*J. R. Stoddard* and *E. B. Watson*, for Appellants.

*Edward W. Bingham*, in person.

THAYER, C. J.—The respondent commenced an action in the said circuit court against the appellants herein, to recover the possession of certain real property situated in said county, and known as the south half of lot 5, in block 10, in the town of Brooklyn. The issues were duly made up in the action, and the case was tried ·by the court without a jury. The court found as conclusions of fact and law, substantially the same as it found in the case of *F. G. Hicklin* v. *Patrick McClear*, decided in this court upon appeal. A judgment was entered upon the said findings, from which the appeal herein was taken, and the two cases were heard together in this court. The decision in *Hicklin* v. *McClear* is decisive of this case as to its merits, but the appellant's counsel assigned a ground of error herein which was not involved in that case; which is, that the complaint does not state a cause of action. The substance of the complaint is as follows: "Edward W. Bingham, the plaintiff in the foregoing entitled action, complains of Sarah M. Kern and J. W. Kern, her husband, the defendants therein, and for cause of action alleges, that plaintiff is seised in fee simple of the following described premises, to-wit:

The south half of river lot numbered five (5) in block ten (10) as numbered and described in the recorded plat of Brooklyn (Brookland), in the county of Multnomah, and State of Oregon; said lot is also described as a portion of Gideon Tibbets' donation land claim. That said property is not in the actual possession of any one, but defendants are acting as the owners thereof. Wherefore plaintiff demands judgment for the possession of said premises and for his costs and disbursements herein."

The Civil Code, § 316. provides that any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages

for withholding the same, by an action at law. Such action shall be commenced against the person in the actual possession of the property at the time, or, if the property be not in the actual possession of any one, then against the person acting as the owner thereof; and § 318, Civil Code, provides that the plaintiff in his complaint shall set forth the nature of his estate in the property, whether it be in fee, for life, or for a term of years, and for whose life, or the duration of such term, and that he is entitled to the possession thereof, and that the defendant wrongfully withholds the same from him, to his damage, etc.

The appellant's counsel contend that the complaint is defective in not containing an allegation that the respondent was entitled to the possession of the premises; while the respondent's counsel insist that it was not such a defect as the verdict of a jury would not cure, and that the findings of the circuit court were tantamount to such verdict.

The only question to be considered is whether such allegation is necessary to constitute a cause of action. The Code seems to require that the complaint shall contain the allegation, and this court held, in *Richards* v. *Crews*, 16 Or. 58, that it was necessary that it should contain it. A verdict does not supply any fact omitted from a pleading, though it establishes every reasonable inference that can be drawn therefrom. *Werner* v. *Lee Shing et al.*, 12 Or. 276. It may be claimed that the allegation that the respondent was seised in fee simple of the premises entitled him to the possession thereof. But that inference does not necessarily follow. That seisin therein referred to meant, no doubt, a seisin in law, as contra-distinguished from a seisin in fact, and the respondent may have had the former character of seisin and still not been entitled to the possession of the premises. Besides, the provision of the Code referred to is mandatory in its terms, and I do not see how it can be disregarded.

The judgment appealed from will be reversed, and the case remanded to the circuit court, with directions to dismiss the respondent's complaint without prejudice to the

right of the respondent to commence another action for the recovery of the possession of the premises herein referred to.