Argued October 29; decided December 7, 1896.

## BOOTH v. MOODY.

(46 Pac. 884.)

BROKER'S COMMISSIONS*—AIDER BY VERDICT.—To entitle a real estate broker to commissions it must be shown that the broker produced to the seller some one who bought the property, or a purchaser who was ready, able, and willing to buy on the terms proposed, and that such purchaser was rejected (*Fisk* v. *Henarie*, 13 Or. 156; *Kyle* v. *Rippey*, 20 Or. 446, followed); and a failure to plead such facts leaves the complaint so defective that a verdict will not cure it, for the complaint will not then contain allegations under which these matters can be proved: *Houghton* v. *Beck*, 9 Or. 325; *David* v. *Waters*, 11 Or. 448; *Weiner* v. *Lee Shing*, 12 Or. 276; and *Bingham* v. *Kern*, 18 Or. at page 201, approved and followed.

From Marion: GEO. H. BURNETT, Judge.

Action by J. C. Booth against Z. F. Moody to recover commissions for procuring a purchaser of certain lands belonging to defendant. There was a judgment for the plaintiff, and defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Messrs. Ralph E. Moody* and *Wm. H. Holmes.*

For respondent there was a brief and an oral argument by *Messrs. John A. Carson* and *Tilmon Ford.*

Opinion by MR. JUSTICE BEAN.

This is an appeal from a judgment rendered in favor of the plaintiff in an action brought by him to recover

*NOTE.—Appended to the case of *Ward* v. *Cobb*, 12 Am. St. Rep. 589, is a collection of recent cases showing when a real estate broker becomes entitled to his commissions. The same question is discussed in a note to *Kalley* v. *Baker*, 28 Am. St. Rep. 547; and further authorities may be found in 48 Am. St. Rep. 620 (*Mullaney* v. *Greenhood*).—REPORTER.

commissions as a real estate broker. The principal question presented is the sufficiency of the complaint, and is raised in this court for the first time. Omitting formal parts, it is as follows:

"1.   That at all the days and times hereinafter mentioned the plaintiff was and for a long time prior thereto has been and now is a real estate agent and broker, carrying on business as such agent and broker in the City of Salem, Marion County, Oregon.  2. That at the City of Salem, in Marion County, Oregon, in or about the month of May, 1895, the defendant employed the plaintiff, as such broker and agent, to find, obtain, procure, and produce a purchaser for the defendant's farm of sixty acres near Salem aforesaid. and the defendant agreed to pay the plaintiff for his said services the customary commission or fee of five per cent. upon the selling price of said land. 3.   That immediately thereafter the plaintiff entered upon the performance of his duties under said contract with said defendant, and continued to perform his said duties thereunder, to find, obtain, procure, and produce such purchaser, and so continued his said services until the month of January, 1893, when the plaintiff found, obtained, procured, and produced W. G. Westacott and W. J. Irwin, co-partners doing business under the firm name and style of Westacott & Irwin, at Salem, aforesaid, as purchasers for the defendant's said farm at and for the agreed price or sum of $6,000.  4.   That the plaintiff's said commission on said sum of $6,000 at said rate of five per cent. amounts to the sum of $300, and the plaintiff's said services are reasonably worth the said last mentioned sum. 5.   That all times have elapsed, and all acts have been done, and all things happened, under the said contract of agency, to entitle the plaintiff to his said commission of $300, but said defendant has not paid the same nor any part thereof."

Defendant's counsel contend that the complaint is defective because it does not aver either that the land was sold to the parties produced as purchasers by the plaintiff, or that such parties were ready, able, and willing to purchase at the price fixed by the defendant, and that he refused to consummate the sale. In this position they are abundantly supported by authority. The rule unquestionably is that before a real estate broker can recover his commissions he must allege and prove either that he was the procuring cause of an actual sale, or that he produced a purchaser, ready, able, and willing to purchase upon the terms named by the vendor: *Fisk* v. *Henarie*, 13 Or. 156 (9 Pac. 322); *Kyle* v. *Rippey*, 20 Or. 446 (26 Pac. 308); *Penter* v. *Staight*, 1 Wash. 365 (25 Pac. 469); *Jacobs* v. *Shenon*, 2 Idaho, 1002 (29 Pac. 44); *Fraser* v. *Wyckoff*, 63 N. Y. 445; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378 (22 Am. Rep. 441); *Sayre* v. *Wilson*, 86 Ala. 151 (5 South, 157); *Hayden* v. *Grillo*, 26 Mo. App. 289. The complaint before us does not comply with this rule. There is no allegation therein that the land was actually sold by the defendant to a purchaser produced by the plaintiff, or, indeed, that it was sold at all. Upon this matter the complaint is silent. It simply alleges that plaintiff procured Messrs. Westacott & Irwin as purchasers at and for the agreed price of $6,000, but does not aver that the land was sold to them, or that the sum named was the price fixed therefor by the defendant, or that he ever agreed to sell for that sum, or that the parties produced by the plaintiff as purchasers were ready, able, and willing to purchase the land at a price fixed by the defendant. In the absence of an allegation either that the land was actually sold, or that the purchaser was ready, able, and willing to purchase on the terms of the vendor, the complaint is manifestly insufficient, and the judgment will have to be reversed, unless the defect is cured by the verdict.

Now, a verdict will cure formal defects in a pleading, such as imperfect statement or the omission of formal allegations, and establishes every reasonable inference that can be drawn from the facts stated, but it will not supply a total omission to state some fact essential to the cause of action. In short, a verdict will aid a defective statement of a cause of action, but will not cure the omission of a material allegation: *David* v. *Waters*, 11 Or. 448 (5 Pac. 748); *Weiner* v. *Lee Shing*, 12 Or. 276 (7 Pac. 11); *Bingham* v. *Kern*, 18 Or. 199 (23 Pac. 182). It is often difficult to distinguish between a defective statement in a pleading which a verdict will cure, and a failure to state a cause of action not so cured. The extent and principle of the rule of aider by verdict is that whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same whether the allegation of the complaint is complete or imperfect. But if a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict. The rule in such cases, as laid down by Mr. Proffatt in his work on Jury Trials, and which seems to have been adopted by this court in *Houghton* v. *Beck*, 9 Or. 325, is that "a defect in pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required on the trial proof of the facts defectively stated or omitted, without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given, the verdict": Proffatt on Jury Trials, § 419. Applying

these principles to the case at hand, we are of the opinion that the defect in the complaint was not cured by the verdict, because it does not contain terms sufficiently general to include the matter omitted, and the issue joined was not such as required the proof thereof on the trial. In other words, the allegations of the complaint could have all been proved without proving the facts omitted, and this is the test laid down by Mr. Justice THAYER in *David* v. *Waters*, 11 Or. 448 (5 Pac. 748).

It follows that the judgment must be reversed, and it is so ordered.

REVERSED.