## FOSTE *v.* STANDARD INSURANCE COMPANY.

[54 Pac. 311.]

1.   PLEADING—AIDER BY VERDICT.—In an action for commissions on premiums for insurance effected by plaintiff, the omission of the complaint to state whether any insurance was effected or whether any sum was collected is cured by a verdict, where the rate of commissions and the amount due for acting as defendant's agent is alleged.

2.   HARMLESS ERROR.—Admission of the testimony of an agent as to the rate of commissions paid him by an insurance company is not prejudicial error in an action by him against the company for unpaid commissions where secondary evidence of the contract between them is not received, and a letter from the company's cashier containing a statement of the rate of commissions and the amount due the agent is admitted in evidence.

3.   EVIDENCE OF AGENCY.—In an action by a solicitor against an insurance company to recover on a contract made with him by certain agents of defendant, it is competent to show that these agents delivered blank policies to plaintiff, received his returns from business written on these policies, and paid him part of the commission, as tending to explain and establish both the extent and character of the authority of sub-agents.

4.   IDEM.—A letter from an insurance company to a person soliciting business for it, directing him, on account of the death of a person designated as "our late manager," to report his business to the company's cashier, is admissible upon the question as to what the authority was of the person so designated.

From Multnomah :   HENRY E. McGINN, Judge.

Action by H. D. Foste against the Standard Life &
Accident Insurance Company, of Detroit, Michigan, to
recover certain money.   Defendant appeals from a judg-
ment for the amount demanded.

AFFIRMED.

For appellant there was a brief over the name of *Em-
mons & Emmons*, with an oral argument by *Mr. Gustavus
C. Moser*.

For respondent there was a brief and an oral argument
by *Mr. William T. Muir*.

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover money alleged to be due
on account of insurance secured by plaintiff for the de-
fendant.   This action was here on a former appeal,
and, the judgment having been reversed (*Foste* v. *Stand-
ard Insurance Co.* 26 Or. 449, 38 Pac. 617), the cause
was remanded ; whereupon plaintiff, by leave of court,
amended his complaint, the material parts of which are
as follows :   "That heretofore, to wit, during the years
1891 and 1892, the plaintiff, at the special instance and
request of defendant, performed for defendant labor and
services as a special agent to solicit accident and life in-
surance for the defendant company, for which defendant
promised and agreed to pay plaintiff a commission, to
wit, a stipulated percentage in cash, namely, twenty per
cent. of all moneys on premiums collected by defendant
company on such insurance secured by plaintiff; that
heretofore, on or about the thirtieth day of September,
1892, there was due and owing to plaintiff the sum of
$295.08 from defendant on account of work and labor

and services as special agent performed by the defendant
as above set forth, in commissions earned on premiums
collected by defendant, over and above all credits, which
services were performed, at the request of the defendant,
between the thirty-first day of July, 1891, and the thir-
tieth day of September, 1892, and which defendant
promised and agreed to pay; that defendant has not
paid same, nor any part thereof." A demurrer to this
pleading, on the ground that it did not state facts suffi-
cient to constitute a cause of action, having been over-
ruled, defendant filed an answer thereto, specifically
denying each allegation, except that it had not paid any
part of the amount demanded. A trial being had, re-
sulted in a verdict and judgment for plaintiff for the
amount demanded, and defendant appeals.

1. It is contended that the complaint does not state
facts sufficient to constitute a cause of action, which de-
fect was not waived by answering over nor cured by the
verdict. While a general verdict will not supply the
omission of a material averment, it will establish every
reasonable inference that is deducible from the pleadings :
28 Am. & Eng. Enc. Law, (1 ed.) 417; *Houghton* v.
*Beck*, 9 Or. 325; *David* v. *Waters*, 11 Or. 448 (5 Pac.
748); *Weiner* v. *Lee Shing*, 12 Or. 276 (7 Pac. 111);
*Bingham* v. *Kern*, 18 Or. 199 (23 Pac. 182). In *Booth* v.
*Moody*, 30 Or. 222 (46 Pac. 884), Mr. Justice BEAN, in
assigning a reason for the existence of the rule, says :
"The extent and principle of the rule of aider by ver-
dict is that whenever the complaint contains terms suffi-
ciently general to comprehend a matter so essential and
necessary to be proved that, had it not been given in
evidence, the jury could not have found the verdict, the
want of a statement of such matter in express terms will
be cured by the verdict, because evidence of the fact
would be the same whether the allegation of the com-

plaint is complete or imperfect.    But if a material allegation, going to the gist of the action, is wholly omitted, it cannot be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict.''   Applying this rule to the complaint under consideration, it will reasonably be inferred, from the averment therein of the rate of commission agreed to be paid and the amount due on account thereof, that plaintiff secured insurance for defendant, the premiums of which it collected, amounting to the sum of $1,475.40; and hence the verdict cures any informality in the pleading, which, thus aided, supports the judgment.

2.    The testimony tends to show that plaintiff was employed to solicit insurance for the defendant by its agents at Omaha, Nebraska.    The letter, however, evidencing the agreement, plaintiff claimed to have been lost; but the proof of such loss, and of the efforts made by him to find the original, not appearing to be sufficient, the court refused to receive secondary evidence of its contents. This ruling of the court rendered it difficult for the plaintiff to prove the contract relied upon, and, after testifying that he was to be paid the rate of commission alleged in the complaint, he was permitted, over the defendant's objection and exception, to answer the following questions, to wit: ''Do you know at what rate they paid you?'' ''What was the amount of compensation that they paid you, as far as you could ascertain from the amount sent you, and from commissions, in that way?''    ''What do you mean by cash business?''—in answering which he said, in substance, that on all insurance secured by him defendant had paid twenty per cent. of the premiums which it collected, and twenty-five per cent. of the premiums which were paid to him in cash when the policies were issued.    It is argued that the testimony objected to

related to insurance obtained prior to the making of the contract relied upon, and that the rate of commission then paid was no evidence of the amount thereafter agreed upon. In view of the fact that secondary evidence of the agreement was ruled out, and that a letter, hereinafter referred to, containing a statement of the rate of commissions and amount due, was admitted in evidence, we cannot think defendant was prejudiced by the admission of the testimony of which it complains.

3. While the answer put in issue most of the allegations of the complaint, the real question litigated was the authority of the agents at Omaha, Nebraska, to bind the defendant by their agreements, its counsel contending that plaintiff should look to and rely upon the persons by whom he was employed, and not to their client, for the recovery which he sought. In order to show that these agents possessed the requisite authority, plaintiff testified that he received insurance policies from them, which he executed on behalf of the defendant; whereupon they paid him a part of the commission due on account of the service rendered. Referring to these agents he was asked, and, over defendant's objection and exception, permitted to answer, the following question: "They accepted the policies you wrote?" It is insisted that the court erred in permitting this question to be answered, because the acceptance of the policies was not in controversy, and did not tend to prove the existence of the contract sued upon. The acceptance of the policies was a circumstance from which the jury might have inferred that defendant held these agents out to plaintiff and the world as possessing sufficient authority to execute the contract in question, and, in our judgment, no error was committed in this respect.

4. It is contended that the court erred in permitting

34 OR.—9.

plaintiff, over defendant's objection and exception, to offer in evidence a letter purporting to have been written to him from Detroit, Michigan, by one Stewart Marks, secretary of the defendant company, in which he refers to the death of one of the agents by whom plaintiff was employed, in the following language : "In consequence of the death of Mr. Geo. W. Hall, our late manager, you are instructed, until notice to the contrary, to report your business to Mr. Frank R. Lyon, cashier for this company, at its branch office, Bee Building, Omaha, Nebraska." This letter contained an admission that Hall had been defendant's "manager," and it was for the jury to say what was meant by the use of the term, for which reason it was admissible in evidence.

It is insisted that the court erred in permitting plaintiff to offer in evidence a letter purporting to have been written to him from Omaha, Nebraska, by "The Standard Life & Accident Ins. Co., F. Lyon, Cashier," inclosing a statement of plaintiff's account, claimed to have been with "Geo. W. Hall, Manager," showing that there was due plaintiff the sum of $295.08. The writer, referring to Hall in this letter, said : "While our late manager doubtless made promises to you that he did not and could not fulfill, yet I believe he fully expected to do so when they were made, and used every effort to do so. That he did not was due to his overestimate of his ability to fulfill his promises, and not from any dishonest intention." This letter, like that of Marks, was admissible in evidence for the purpose of enlightening the jury as to the meaning of the phrase, "our late manager."

It is contended that the account inclosed in Lyon's letter having been stated, but not pleaded as such, the court erred in admitting it in evidence. The account had not been stated, for the evidence fails to show that

there had been a mutual examination of the claims by each of the parties, or that there was an agreement between them as to the correctness of the allowance or rejection of the respective items constituting the demand of each. At most, it was only an admission or acknowledgment of the amount due from Hall to plaintiff, and, as tending to corroborate his testimony, it was admissible in evidence.

It is also maintained that the court erred in failing to grant defendant's motion for a judgment of nonsuit, but, without quoting further from the testimony, we think the evidence introduced was sufficient to raise an inference of defendant's liability, and hence it follows that the judgment is affirmed.

Affirmed.