Decided 6 April, 1903.

## NYE *v.* BILL NYE MILLING CO.

[71 Pac. 1043.]

Pleading—Quantum Meruit—Aider by Verdict.

1. A complaint alleging that plaintiff, at the instance and request of defendant, entered into its employ as foreman of a certain mine ; that a reasonable compensation "for said employment for the said period of one year" is $75 per month ; and that no part of the amount claimed has been paid—is so defective as not to be aided by verdict, for there is no allegation as to the time of the employment, nor a promise to pay, nor any facts from which a promise to pay would be implied, as that services had been rendered under the employment : *Foste* v. *Standard Ins. Co.* 34 Or. 125, distinguished.

Pleading—Aider of Complaint by Answer.

2. An answer consisting of denials only cannot aid a materially defective complaint.

From Jackson : Hiero K. Hanna, Judge.

Action by N. B. Nye against the Bill Nye Gold Mining & Milling Co.

The complaint, after the formal recitals, further sets out "that on or about the 1st day of September, a. d. 1900, the plaintiff, at the instance and request of the defendant, entered into the employment of defendant as foreman of the mining property belonging to said defendant, situated and located near the Town of Gold Hill, Jackson County, Oregon ; that a reasonable compensation for said employment for the said period of one year is the sum of seventy-five dollars per month, or a total of nine hundred dollars ;" and "that no part of said sum of $900 has been paid," etc.  The answer consists of specific denials of these allegations.  Upon the issues thus formulated, a trial was had before the court, which found, among other things, "that between said date [September 1, 1900,] and October, 1901, plaintiff did and performed twelve months' service for said defendant as such foreman ;" the other findings of fact conforming closely to the allegations of the complaint.  Notwithstanding such findings, the defendant interposed a motion for judgment in its favor, which being overruled, and

judgment having been rendered upon the findings, the defendant appeals. REVERSED.

For appellant there was a brief over the name of *Colvig & Cannon,* with an oral argument by *Mr. A. M. Cannon.*

For respondent there was a brief and an oral argument by *Mr. William I. Vawter.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1. The motion for judgment *non obstante* presents the question whether the complaint, aided by all reasonable inferences that can be drawn from the facts stated, is sufficient; that is to say, are the allegations thereof of such a nature and scope as to comprehend all the elements and essentials going to make up a good cause of action? If so, however defectively stated the cause may be, it will be presumed that the proofs have established every such essential, and therefore that the verdict or finding supplies that which is lacking, or goes to the aid of the statement, and judgment should be entered accordingly. If, upon the other hand, there is a statement of a defective or bad title or cause, or there is lacking some material or essential allegation to establish a good cause, there can be no aider. The principle has been so often announced by this court that further elaboration is unnecessary: *Weiner* v. *Lee Shing,* 12 Or. 276 (7 Pac. 111); *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884); *Foste* v. *Standard Ins. Co.* 34 Or. 125 (54 Pac. 811); *Wright* v. *Ramp,* 41 Or. 285 (68 Pac. 731). The greater difficulty is usually found in applying the principle to the facts of each particular case. It is apparent that plaintiff has a good cause of action, but has omitted an essential allegation, necessary to a sufficient statement of his cause. Briefly stated, the allegations are that plaintiff, at the instance of defendant, entered into its employment, giving the date and nature thereof, and that a reasonable compensation for said employment for said period of one year is $75 per month, or an aggregate of $900. What follows cannot aid in the construction of this pleading,

and further reference thereto is unnecessary. There is no allegation as to the time employed, or that any service was actually rendered, except that it was entered upon or commenced; and, no execution of the implied contract having been shown, the law will not imply a promise. The complaint, therefore, is entirely wanting in this particular, and falls within the reasoning of *Weiner* v. *Lee Shing,* 12 Or. 276 (7 Pac. 111). Counsel for respondent concedes that it is very apparent that an allegation intended by the pleader has been omitted from the complaint, as is indicated by the use of the word ''said'' preceding the word ''employment,'' and the phrase ''period of one year.'' But this qualifying term cannot be held of sufficient efficacy to supply an indispensable allegation of fact. It betokens, per-- haps, that an allegation relative to the employment for a period of one year preceded it, but the fact remains that such a one is not there, without which the complaint is deficient in substance. The case of *Foste* v. *Standard Ins. Co.* 34 Or. 125 (54 Pac. 811), is not inimical to this construction of the complaint, or an authority the other way. That case is based upon services rendered, for which commissions were to be paid, and the allegation that a sum specified had accrued on account of such services performed during certain years named was held sufficient in its scope to support the action after verdict.

2. Some advantage by way of aider is claimed by reason of the answer filed herein; but, consisting of specific denials only, it cannot supply a material allegation of fact in the complaint, and hence cannot be held to operate in aid thereof.

These considerations lead to a reversal of the judgment of the lower court. The cause will, therefore, under the precedent set by *Crisman* v. *State Ins. Co.* 16 Or. 283, 295 (18 Pac. 466), be remanded for such further proceedings as may seem proper, in accordance with law.                    REVERSED.