Argued 13 October, decided 26 October, 1903.

**FERGUSON v. REIGER.**

[73 Pac. 1040.]

EFFECT OF FINDINGS IN TRIAL WITHOUT A JURY—AIDER BY VERDICT.

1. As findings made by the court in a trial without a jury are, by the express provisions of B. & C. Comp. § 159, deemed a verdict, they will cure all formal defects in a complaint, but will not supply necessary allegations.

SUFFICIENCY OF COMPLAINT AFTER VERDICT.

2. A complaint which alleges that defendant sold a business enterprise to plaintiff under an agreement that, if plaintiff should discover that he was not adapted to the business, he might rescind the contract, and on demand defendant would repay plaintiff the sum paid by him into the business; that plaintiff, within the specified period, informed defendant of his desire to rescind; that thereafter the parties agreed on the sum plaintiff should be repaid, and the business and stock was reassigned and the defendant took possession; that plaintiff

had demanded payment of such sum, but defendant had refused to pay, is sufficient after verdict.

SUFFICIENCY OF EVIDENCE—DISPUTED TESTIMONY.

3. Where there is any testimony reasonably tending to support the findings of a judge before whom a case has been tried without a jury, the sufficiency thereof will not be reviewed.

JUSTICE'S COURTS—INTEREST ON CLAIM BEFORE JUDGMENT.

4. Under B. & C. Comp. § 926, limiting the jurisdiction of justice's courts to actions for the recovery of money or damages where the amount claimed does not exceed $250, a justice's court has no jurisdiction to give interest antedating the judgment when the amount awarded is $250.

JUDGMENTS AS AFFECTED BY THE PRAYER OF THE COMPLAINT.

5. In law actions the prayer of the complaint limits the amount of the judgment (B. & C. Comp. § 67), except that by the statute interest is added from the date of its rendition; therefore, a court ought not to award interest antedating the judgment when it is not asked.

REMANDING LAW ACTION FOR A PARTICULAR JUDGMENT—COSTS.

6. Where a judgment has been entered for an excessive sum, and the correct amount is ascertainable from the record without evidence, the case may be remanded with directions to enter a specified judgment. In such a case the respondent may be allowed costs, it appearing that the excess was awarded by the trial judge acting as a jury, without any prayer therefor.

From Multnomah : MELVIN C. GEORGE, Judge.

This is an action by W. Ferguson against O. H. Reiger to recover money commenced in a justice's court in Multnomah County by filing a complaint of which the following is a copy:

"Comes now the plaintiff, and for cause of action alleges : That at all the times mentioned in this complaint defendant is and was a resident of Portland District of Multnomah County, State of Oregon.

That on or about the 17th day of February, 1901, at the special instance and urgent request and earnest solicitation of the defendant, plaintiff was induced to purchase from the defendant a certain business enterprise, including the stock of merchandise being in the storeroom, and the fixtures on the west side of said storeroom, at No. 290 Morrison Street, in the City of Portland, County of Multnomah, State of Oregon, for the sum of $1,000, payable in the manner following : $200 in cash, $100 in certain corporation stock, and $700 to run on account, with the privilege on the part of the plaintiff of paying any part of the said $700 at any such time as not to draw too heavily from the said

business, provided that all of said balance should be paid on or before the first of the year 1902.

That subsequent to the time of the above agreement, or on or about the 17th day of March, 1901, defendant demanded of plaintiff payment in full for the balance of $700, and defendant suggested that plaintiff could raise the money by mortgaging the said stock of merchandise and fixtures. This plaintiff refused to do, but complied with the further urgent demand of the defendant in this: that he (plaintiff) gave his promissory note in the sum of $500, with interest at 6 per cent, payable on or before the first of the year 1902, and the balance of $200 was to run, with the understanding that it, the said $200, was to be paid from the earnings of the business during the summer months of 1901; and it was agreed by and between the parties hereto that if at any time during the two months following the 17th day of February, 1901, plaintiff should discover that he was not adapted to the business above mentioned, though urged to undertake its management at the instance of the defendant conditionally, plaintiff should have the right to rescind the contract of purchase, and upon demand defendant should repay to plaintiff the sum of $300, being the sum paid into the business by plaintiff.

Now, on the 17th day of April, 1901, plaintiff informed defendant that he wished to rescind his contract of purchase for the reason that he (plaintiff) was not adapted to the class of business conditionally purchased of the defendant, and plaintiff therefore demanded of the defendant repayment of the sum of $300, the surrender of the said promissory note of $500, and the cancellation of the balance of $200, the total of which was the full purchase price of the said business at the time plaintiff took possession of the same, and then and there plaintiff surrendered full possession of the business, merchandise, and fixtures aforesaid.

That defendant delivered to plaintiff the said promissory note, and then and there promised and agreed to pay to plaintiff the sum of $250, this being a compromise sum to which defendant admitted plaintiff was entitled, and the defendant further agreed to cancel the remaining balance of $200, whereupon defendant was to and did take full

and immediate possession of the business, merchandise, and fixtures aforesaid, and ever since said 17th day of April, 1901, has remained in full possession of the same in so far as this plaintiff is concerned.

That subsequent to this last agreement, and prior to the commencement of this action, plaintiff demanded of the defendant the payment of the said sum of $250, but that defendant refused and still refuses to pay the same, or any part thereof.

That there is now due and owing from the defendant to the plaintiff the sum of $250.

Wherefore plaintiff demands judgment against the defendant in the sum of $250 and for his costs and disbursements in this action."

A motion to strike out parts of this pleading on the ground that they were sham, frivolous, irrelevant, and redundant, having been overruled, an answer was filed, denying the allegations of the complaint, whereupon a trial was had resulting in a judgment from which an appeal was taken to the circuit court for said county, where the cause was retried without the intervention of a jury, and, the court having found that the plaintiff was entitled to recover the sum of $250, with interest from April 17, 1901, judgment was rendered on said findings, and the defendant appeals to this court.        CONDITIONALLY AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Arthur C. Emmons.*

For respondent there was a brief and an oral argument by *Mr. John B. Easter* and *Mr. Henry Denlinger.*

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing language, delivered the opinion.

1. It is contended by defendant's counsel that the complaint does not state facts sufficient to constitute a cause of action, and that such defect was not waived by answering to the merits, nor cured by the verdict. Findings made by a court upon the facts in an action tried before it with-

out the intervention of a jury are deemed a verdict (B. &
C. Comp. § 159), and, though a verdict will not supply
the omission to state some fact essential to the cause of
action, it will cure all formal defects in a pleading, and
establish every reasonable inference that can be drawn
from the facts stated: *Houghton* v. *Beck*, 9 Or. 325; *David*
v. *Waters*, 11 Or. 448 (5 Pac. 748); *Bingham* v. *Kern*, 18
Or. 199 (23 Pac. 182). "The extent and principle of the
rule of aider by verdict," says Mr. Justice BEAN, in *Booth*
v. *Moody*, 30 Or. 222 (46 Pac. 884), "is that whenever the
complaint contains terms sufficiently general to compre-
hend a matter so essential and necessary to be proved that,
had it not been given in evidence, the jury could not have
found the verdict, the want of a statement of such matter
in express terms will be cured by the verdict, because evi-
dence of the fact would be the same whether the allegation
of the complaint is complete or imperfect. But if a ma-
terial allegation going to the gist of the action is wholly
omitted, it cannot be presumed that any evidence in refer-
ence to it was offered or allowed on the trial, and hence
the pleading is not aided by the verdict."

2. Tested by this rule, we think the complaint, which
was not challenged by a demurrer, fairly states that on
April 17, 1901, the plaintiff was the conditional owner and
in possession of a stock of merchandise, store fixtures, and
a business enterprise, and that he was indebted to the de-
fendant on account thereof in the sum of $700, whereupon
he delivered said merchandise and fixtures and assigned
said business to the defendant, who, in consideration
thereof, canceled said indebtedness, and agreed to pay
plaintiff on account of the transaction the sum of $250, and,
not having done so, judgment is demanded therefor. We
think the complaint, as quoted, in the absence of a demur-
rer, and after verdict, states facts sufficient to constitute a
cause of action, and is adequate to support the judgment.

3. The court found, in effect, that plaintiff, as a compromise of his claim, agreed to accept $250 in payment of his interest in the stock of goods, store fixtures, and business, which sum the defendant promised and agreed to pay him therefor; but it is maintained by defendant's counsel that the testimony given at the trial does not warrant such finding, and that the court erred in making it. The plaintiff, as a witness in his own behalf, in referring to his hesitancy in purchasing the stock of goods from the defendant, testified that the latter said to him: "You needn't be afraid at all. If inside of two months you cannot make it go, you shall have every cent of your money back." The witness detailed a further conversation he had with the defendant at the expiration of the time so specified, as follows: " 'Mr. Reiger, I am afraid I will have to give up the fight;' and I told him the circumstances of the case, and why I had to do it. He said, 'Well, what do you expect out of the business?' and I said, 'Well, I think I ought to have $300,' as I had put in over $400 in the business; and he said, 'Well, I cannot promise you $300, but I will guarantee you $250, and if I sell to good advantage I will give you $300.' " The witness further says: "I was to receive $250 positively, or $300 if he sold to good advantage; but that I was to be guaranteed the $250." On cross-examination he further testified as follows: "Q. So you are positive, then, that it was the 18th of April that you first spoke to him about giving up the business? A. Yes, sir. Q. At that time you say that Mr. Reiger guaranteed you $250, or, if he sold to advantage, he would give you $300? A. That was his words, if he sold to good advantage he would give me $300. Q. Then the agreement was not, as stated in your complaint, that he simply agreed to give you $250, but, if he sold to advantage, he was to give you $300? A. That was how it was stated to me, if he sold to good advantage. I asked for $300 first. He said he would

pay me $300, but he would only guaranty me $250. Q. That is, if he did not sell? A. If he sold to good advantage, he added that he would give me $300. Q. When did he give you to understand he would make his guaranty good? A. He spoke of it when he sold out. Q. When he sold out of the business? A. Yes, sir. Q. Then you were to wait for what he guaranteed to give you until he sold out the business? A. Yes, sir." It is argued that this testimony shows that no money was due the plaintiff until the defendant resold the stock of goods, and, as no such sale had been made, the court erred in making the finding of which the defendant complains. It will be observed that the witness in his cross-examination seems to confound the sum of $300 with that of $250, which he says he was to receive positively, or the former sum if the defendant sold the stock of goods to good advantage. It is true he says he was to be guaranteed the $250, but, as a guaranty is a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person, who, in the first instance, is liable therefor, it is evident that the witness did not understand the meaning of the term, in view of which the court construed his declaration, "I was to receive $250 positively," as a statement that this sum was payable in any event. The testimony of this witness, though contradicted in every particular by that of the defendant, is not quoted to ascertain its truth or to determine its weight, but to show that the court might reasonably have deduced the conclusion therefrom that the defendant agreed and promised to pay plaintiff the sum $250 for the property received; and, there being some testimony upon which the finding can rest, it will not be disturbed.

4. The court having rendered judgment for interest on $250 from April 17, 1901, the time when it is alleged that the stock of goods was redelivered to the defendant, it is

insisted by his counsel that an error was committed in this respect. A justice's court has jurisdiction in actions for the recovery of money or damages only when the amount claimed does not exceed $250 (B. &. C. Comp. § 926), and judgments rendered in such actions bear interest at the rate of six per cent per annum : B. &. C. Comp. § 4595. It will be remembered that the sum claimed in the complaint is $250, and, this being the extent of the jurisdiction of a justice's court, no judgment could have been given therein for interest antedating the judgment rendered.

5. An appeal from a judgment rendered in a justice's court having been perfected, the cause is tried in the circuit court as if originally commenced therein : B. &. C. Comp. § 2246. Considering the complaint as having been originally filed in such court, we think it had no authority, in the present instance, to give a judgment for interest antedating its rendition, for the statute prescribing the form of complaint provides that it shall contain a demand of the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof shall be stated (B. & C. Comp. § 67), and, as interest after the breach of a contract is recoverable only as damages (*Seton* v. *Hoyt*, 34 Or. 266, 55 Pac. 967, 75 Am. St. Rep. 641, 43 L. R. A. 634 ; *Close* v. *Riddle*, 40 Or. 592, 67 Pac. 932, 91 Am. St. Rep. 580, and note), the failure to demand the same in the complaint rendered the judgment therefor erroneous.

6. No exception appears to have been taken to this particular part of the judgment at the time of its rendition, and, observing the rule announced in *Graham* v. *Merchant*, 43 Or. 294 (72 Pac. 1088), the cause will be remanded, with directions to enter a judgment for the sum of $250, with legal interest from the date of the judgment appealed from ; the respondent to recover his costs in this court and in the court below.        CONDITIONALLY AFFIRMED.