Submitted on briefs without argument July 3, decided July 22, 1913.

## BINGHAM v. NATIONAL BRICK & CLAY CO.

### (133 Pac. 1187.)

**Principal and Surety—Bond—Conditions—Time to Sue.**

Plaintiff made two contracts with defendant brick company to purchase a specified number of bricks under each contract, paying therefor in advance, and taking a surety bond for prompt delivery. Only a small portion of the bricks having been delivered, plaintiff sued on the bonds, which required that any actions should be instituted within six months after default. The complaint alleged that after the execution of the first contract, plaintiff demanded the bricks, but that the brick company failed to deliver, except 12,655 bricks. The answer denied such paragraph, and alleged delivery of 24,205 bricks, without stating the date thereof, and that the brick company failed, neglected and refused to manufacture the brick mentioned in the contract and to deliver the same, as requested by plaintiff during February and March, 1911. The reply contained no allegation of new matter, but admitted that the brick company neglected and refused to deliver the brick as requested during February and March, as alleged in the paragraph of the answer, and denied the remainder thereof. *Held*, that the reply was not an affirmative allegation, nor the admission that the first breach of contract occurred in February; and, since the brick company could be put in default only by plaintiff's demand of performance after reasonable time for manufacture had elapsed, in the absence of an affirmative allegation that a request by plaintiff had been made for bricks, it was open for the court to find, under the evidence, that the brick company was not in default until within six months prior to suit brought.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by Bingham & McClelland Company, a corporation, against the National Brick &

Clay Company, a corporation, and Charles H. Page, as receiver of said defendant the National Brick & Clay Company, and the Pacific Surety Company, a corporation; the facts being as follows: The defendant the National Brick & Clay Company, on the 21st day of February, 1911, entered into a contract in writing with plaintiff to manufacture and sell, and the plaintiff to purchase, 500,000 bricks, of the size, color, and composition of those submitted, at the price of $6.50 per thousand, to be delivered at the times and places named by plaintiff, and providing that, as plaintiff is to pay for the bricks in advance, the seller shall furnish a surety company bond in the sum of $3,250, the sum so to be advanced, as a guaranty of faithful delivery of the bricks. On the same date, in compliance with the terms of said contract, the defendant the Pacific Surety Company executed in favor of the plaintiff its bond for the faithful performance of said contract by the National Brick & Clay Company, which contract is referred to in the bond, or, in default thereof, to pay to it the sum of $3,250. It is conditioned in the bond that the surety company shall be notified by the purchaser of any breach of the contract by the principal immediately after the occurrence of such act shall have come to its knowledge and further provides that any suit or action brought thereunder must be instituted within six months after the first breach of the contract. On the 4th of March, 1911, another contract for the manufacture and sale of bricks was entered into between the plaintiff and the defendant the National Brick & Clay Company, namely, for the delivery of 700,000 bricks on the same terms and conditions as in the one above described; and the defendant the Pacific Surety Company on that date executed a bond in the sum of $4,200 in favor of plaintiff, upon like terms and conditions as the one of date February 21st, for

the fulfillment by the National Brick & Clay Company of the contract above mentioned. On September 15, 1911, the plaintiff brought this action upon these two contracts and bonds, alleging the default of defendant the National Brick & Clay Company to deliver said brick, or any part thereof, except that they admit they received 12,655 bricks thereon, and setting out the contracts and bonds in full as part of the complaint, and ask for judgment on the former in the sum of $3,177.75, and on the latter in the sum of $4,200. But one issue is tendered on this appeal, namely, that plaintiff failed to bring suit or action against the Pacific Surety Company to recover on the bond within six months after the first breach of the contract. The Pacific Surety Company alone defends herein. The cause was tried without the intervention of a jury, and the court made findings in favor of the plaintiff, with the exception that it found there were 42,575 bricks delivered, and rendered judgment against defendant surety company for $7,173.25. The defendants appeal. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court, 56 Or. 622 (117 Pac. xi).

Affirmed.

For appellants there was a brief over the names of *Messrs. Wilbur, Spencer & Dibble* and *Mr. Thomas H. Crawford.*

For respondent there was a brief over the name of *Messrs. Coovert & Stapleton.*

Mr. Justice Eakin delivered the opinion of the court.

There is no bill of exceptions nor transcript of the evidence in the record, but by stipulation the findings of the court are made part of the record on appeal. The only error relied on here is that the action was not

commenced within the time limited in the bond; defendant contending that this defect is disclosed by the pleadings, and is fatal to the judgment. But we think the contention is without merit.

Counsel seem to have misconceived the effect of the reply, contending that it admits that there was a breach of the contract by the seller in February, which would be more than six months prior to the time the action was commenced, but that is not the effect of the reply. The complaint, in paragraph 8 of the first cause of action, alleges that after the execution of the contract the plaintiff demanded the bricks of the seller, but that it failed to deliver the same, or any part thereof, except 12,655 bricks.

The answer denies this paragraph, and alleges the delivery of 24,205 bricks, without stating the date thereof, and in the third paragraph of the new matter alleges: "That the defendant the National Brick & Clay Company failed, neglected and refused to manufacture the brick mentioned in said contract, * * and failed and neglected and refused to deliver the brick, as requested by the plaintiff in this action, during the months of February and March, 1911." The National Brick & Clay Company could be put in default only by demand made by plaintiff for the bricks after a reasonable time for the manufacture thereof had elapsed. This affirmative allegation of the answer does not state that any request by plaintiff was made for bricks, except by inference, nor when, if at all, a request therefor was made, by which the time of the default might be fixed. It amounts only to a recital that there was a failure by the seller to manufacture and deliver any bricks in February or March, without an affirmative allegation of the facts that constitute the default, and it is not sufficiently specific to show a breach in February.

The reply contains no allegation of new matter, and it denies the first part of subdivision 3 of the new matter of the answer on information and belief. It admits a part thereof in the exact language of the answer, namely: ''Admit that said defendant the National Brick & Clay Company failed, neglected and refused to deliver the brick as requested by the plaintiff in this action during the months of February and March, as alleged in paragraph 3 of the answer''— denying the remainder thereof. This is not even in effect an affirmative allegation, nor a new assignment of the cause of action set out in the complaint, or any part thereof, and it does not admit nor ·confess that the first breach of the contract occurred in February, only to the extent and in the form that it is alleged in subdivision 3 of the answer, which does not state affirmatively the fact of a breach in February. Neither the answer nor reply state when a request for bricks was first made. In 31 Cyc. 49, it is said: ''It is not sufficient that a fact may be inferable from facts, pleaded, where it is not necessarily implied.'' The part of the reply referred to cannot be taken as· an attempt to vary the facts set up in the complaint, nor as an admission or statement that a demand for bricks was made and refused in February. It is said in *Houghton & Palmer* v. *Beck,* 9 Or. 325, that there is no doubt that formal defects, such as imperfect statements or omissions of certain formal allegations, are cured by verdict. And in 1 Bates, Pleading and Practice, page 270, it is said: ''Facts must be stated issuably, and not by way of rehearsal, argument, inference, or reasoning.'' In *Walker* v. *Harold,* 44 Or. 205 (74 Pac. 705), it is said that, if from the facts stated the defense or issue relied on may be reasonably implied, and is acted on by the parties and the trial court, every intendment in its favor will be invoked, and

the evidence introduced will be examined to determine whether or not it sustains the theory adopted by the parties and pursued by the trial court. The evidence is not before us, but from the findings of fact it appears that the question of the time of the default was tried out, and the court finds that the refusal of the National Brick & Clay Company to deliver bricks was after the 24th day of March. The date of defendant's default not being mentioned in any pleading, and in no manner raised until the trial, it was considered at the trial by the parties, as well as by the court, that the question was not determined by the pleadings, and the court made findings of fact thereon. Thus by the trial it is made to appear that the action was brought within six months after the first breach of the contract by the National Brick & Clay Company.

The judgment is affirmed.    AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.