### CACHE CREEK MINING CO. v. BRAHENBERG.

(Circuit Court of Appeals, Ninth Circuit. October 13, 1914.)

#### No. 2387.

1. MINES AND MINERALS (§ 38*)—FORFEITURE OF CLAIM—PLEADING.

Where, in a suit to determine an adverse claim to a mining location, defendant answered, admitting plaintiff's location as alleged, but' denied that plaintiff since 1909 had performed the annual assessment work required by law to hold the claim, and alleged that by reason thereof it became forfeited, and reverted to the public domain. Held that, in the absence of objection at the trial, the allegations of the answer were sufficient to support a plea of forfeiture.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. § 38.*]

2. APPEAL AND ERROR (§ 1056*)—REVIEW—RULINGS ON EVIDENCE—PREJUDICE.

Where, on an issue as to whether plaintiff's work on a mining claim had been .sufficient, the court gave careful instructions touching the amount of labor necessary to be done, and how the jury should ascertain and determine the value of such that was done, the admission of evidence of the opinion of a workman as to the value of the work, with which he was personally familiar, was not prejudicial to plaintiff, though not fully qualified as an expert.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Robert W. Jennings, Judge.

Action by the Cache Creek Mining Company against Henry Brahenberg. Judgment for defendant, and plaintiff brings error. Affirmed.

The complaint in this case (plaintiff in error being the plaintiff below) in brief shows that on July 28, 1905, one Joseph Anderson located claim No. 1 above on Dollar 'creek,· in the district of Alaska, stating the manner of loca-·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, and that for a valuable consideration Anderson thereafter sold, transferred, and set over the said claim to plaintiff; that plaintiff has since been entitled to the possession of said claim, and has in each year done and performed the full and requisite amount of assessment and development work for holding it under existing law; but that in the year 1912 the defendant did trespass thereon, and unlawfully, wrongfully, and without right take possession thereof from plaintiff, and so wrongfully withholds the same from plaintiff, to its damage in the sum of $5,000. Judgment for possession and for the damages alleged is prayed. The answer of defendant admits the location by plaintiff as alleged, but denies that plaintiff has, since the year 1909, performed the annual labor required by law to hold said claim, or any labor thereon, and alleges that by reason thereof the claim became forfeited, and reverted to the public domain. The answer further sets up location by the defendant in August, 1912, his entry into possession, and claim of right thereunder. The cause was tried by a jury, and verdict and judgment resulted for defendant.

John Lyons, of Valdez, Alaska, James E. Fenton, of San Francisco, Cal., and William A. Gilmore, of Nome, Alaska, for plaintiff in error.

T. C. West, of San Francisco, Cal., and E. E. Ritchie, of Valdez, Alaska, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). But two assignments of error are relied upon in the briefs of counsel for plaintiff in error for a reversal of the cause. These are:

First, the validity of plaintiff's location being admitted by the answer, it was incumbent upon the defendant to plead forfeiture of the claim through failure to do the proper annual assessment work, and that this the defendant has not sufficiently done; and,

Second, the admission of certain testimony of the witness Rimmer over objections and exceptions.

[1] As to the first assignment, it must be conceded that the allegations setting up forfeiture are meager, but they do state that "all of plaintiff's right to and in said claim became forfeited, and the said claim and all of it became a part of the public domain, subject to location according to law as mineral land, long prior to the year 1912," and this in conjunction with a denial that plaintiff has performed the annual labor required by law to hold said claim since the year 1909, or that it has performed any labor upon said claim subsequent to that date. A trial was had upon practically the sole issue as to whether plaintiff had performed the requisite annual labor for holding the claim, and whether by reason of a failure in that respect it had suffered a forfeiture, and the concrete question was concisely submitted to the jury by clear instructions for their finding. No objection, so far as the record shows, was ever interposed or made to the sufficiency of the pleading until upon this appeal, and the question now is whether in the light of the record, judgment having been entered upon the verdict, the allegations of the answer are sufficient to support a plea of forfeiture.

A forfeiture must be set up before it can be insisted upon. Bishop v. Baisley, 28 Or. 119, 41 Pac. 936. This the defendant attempted to do, and meagerly and imperfectly stated his defense. The result is an imperfect statement of a good defense. Such a statement, it has gen-

217 F.—16

erally been held, is sufficient to support the verdict and judgment. The rule has been stated thus:

"A defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given, the verdict." Houghton & Palmer v. Beck, 9 Or. 325.

See, also, Booth v. Moody, 30 Or. 222, 225, 46 Pac. 884.

The pleading in the case at bar, in the light of the rule, must be held to be sufficient.

[2] Referring to the second assignment, the witness Rimmer was permitted to give his estimate as to what certain work was worth, shown by the plaintiff to have been done as assessment work. His testimony, so far as is necessary to illustrate the situation is as follows:

"In September, 1911, I was working about a mile or a little over from there mining. I afterwards saw the work that was done there. It was just plowing, scraping, preliminary work, about 1,400 feet long. The going rate of wages in that district at that time was $5 a day and board. I don't know what horses were worth up there. Q. Are you familiar with the country there along Dollar creek; that is, the character of the ground? A. Yes, sir. Q. Do you know about how much work it takes to move such dirt as was removed by the Cache Creek Mining Company there? A. I think I do. Q. What would you say that work is worth? By the Court: What is that work worth, done the way the plaintiff says he did it—not what is it worth done some other way? A. Why, I think about $150 would be a liberal allowance for that kind of work in the ditch."

The real objection is that it was not proper for Rimmer to give his opinion touching the value of the work done. He was probably not fully qualified to testify as an expert, yet he had the general knowledge that most workmen about mines have touching the value of assessment work. The court gave careful instructions touching the amount of labor necessary to be done, and as to how the jury should ascertain and determine the value of such as was done, and in view of this fact we are strongly impressed that no reversible error was committed in allowing Rimmer's testimony to go to the jury. If error at all, it was harmless.

Other questions were discussed, and are suggested in the brief of counsel; but they are not presented by the record, and cannot be considered.

Judgment affirmed.