## AHOYKE *a.* WOLCOTT.

*Supreme Court, First District; Special Term, December,* 1856.

DISCOVERY OF BOOKS AND PAPERS.—DENIAL OF POSSESSION.

Where, upon a motion to vacate an order for discovery made under the *Revised
Statutes* (2 *Rev. Stats.,* 3 *ed.* 262, §§ 30, 36), the party denies positively, under
oath, the possession of the books, &c., ordered to be produced, the order must
be vacated.

Motion to vacate an order for discovery.

This action was brought by Ahoyke, a Chinaman, against two
defendants—Wolcott and Westray. The plaintiff having ob-
tained an order under the Revised Statutes requiring defendants
to produce certain letters; the defendants now moved, upon
affidavit by each of them denying that the papers called for
were in the possession or under the control of either of them, to
vacate the order.

*Daniel D. Lord,* for the motion.

*David Dudley Field,* opposed.

DAVIES, J.—Section 33 of the Revised Statutes referred to
(2 *Rev. Stats.,* 3 *ed.* 262, § 33), directs that any order for dis-
covery granted in pursuance of the provisions of the statute
may be vacated on the following grounds:

1. On satisfactory evidence that it ought not to have been
granted.

2. On the discovery sought being made.

3. When the party who is called on to make the discovery
denies, under oath, *the possession or control of the books, papers,
&c.,* ordered to be produced.

Such oath has been made in this case by the parties called on
to make the discovery, and as it is made in conformity with the
provisions of the statute, I do not feel that I have any power to
look behind that denial. I might speculate on the subject, and
say that it is natural the defendants should have in their posses-
sion or under their control these letters, and, therefore, it op-
erates hardly on the plaintiff that he cannot ascertain their

whereabouts, and thus compel their production. . It seems to me that the statute intended to leave with the defendants the responsibility of denying under oath the possession or control of the papers; and if they made such denial, the power of the court was exhausted.

This is certainly the view taken by the Superior Court in the case of Hoyt v. The American Exchange Bank (1 *Duer*, 652), and that case was very carefully considered. Judge Bosworth says, in delivering the opinion of the court, that "if in answer to the order, the opposite party denies fully and explicitly that there are any such entries, books, or papers, under his control, *that is an end of the application.* He cannot be subjected to a fishing examination or investigation with a view to ascertain the fact, whether he has or has not books, papers, &c., which may contain evidence relating to the merits of the action or of the defence, unless he is examined as a witness, so that his deposition may be made evidence as well for as against him."

"If the party answer distinctly and unevasively, as to the papers of which a discovery is sought, that there are no such papers or documents in his possession or under his control, the applicant must abide by the answer, so far as the proceedings for a discovery are concerned. If dissatisfied with the result of the proceedings, he must examine him as a witness, or rely on such other evidence as he may be able to command. He has no right to have a general, inquisitorial examination of all the books, papers, and documents of his adversary, with a view to ascertain, if, perchance, something cannot be found which will possibly aid him."

In these views, which appear to me eminently sound, I concur, and they are controlling in the present motion.

The counsel for the plaintiff referred to the case of Southwel v. Dwight (2 *Sandf. S. C. R.*, 672), as establishing a different rule. I think a careful examination yet will show, that it is in harmony with the case first cited. It was apparent there that the party against whom the discovery was sought had made but slight examination to ascertain whether the paper to be discovered was in his possession or under his control; and he stated that, to the best of his knowledge and belief, it was not in his possession or under his control.

The court held this answer as insufficient, and upon it refused

to vacate the order requiring the discovery. Sandford, J., says: "He must make such an examination to enable him to swear positively that the papers are not in his possession, or under his control, or state facts with his denial, when expressed as it is here, which will show that such denial is equivalent to the positive oath required by the statute."

In this case the parties have sworn positively that the papers of which discovery is sought are not in their possession, or under their control, and in compliance with the mandate of the statute, the order for the discovery must be vacated; but without costs to either party.

## PORTER *a.* LORD.

*New-York Superior Court; Special Term, December,* 1856.

JURISDICTION.—SUMMONS—WHERE TO BE SERVED.

In all actions of which the New-York Superior Court has jurisdiction by subdivision 1 of section 23 of the Code; and in an action against several persons jointly liable on contract, when one of them resides in the city of New-York; the summons may be served in any county of the State, and the service will be valid.

It is only in those actions of which jurisdiction is acquired by the fact of personal service of the summons on all the defendants within the city of New-York, that service of the summons out of the county of New-York is unauthorized and invalid.

Motion to set aside the service of summons and complaint.

This action was brought by several plaintiffs against two defendants, Lord and Dougherty, sued as joint debtors. The defendant Lord resided in New-York city, and was there served with summons and complaint. The defendant Dougherty resided in Brooklyn, and was served in that city.

The latter defendant now moved to set aside the service made upon him in Brooklyn, upon the ground that the Superior Court had no jurisdiction as to him, and could acquire none, except by a service of the summons within the city and county of New-York, or by his voluntary appearance in the action.