### W. C. FOREN, RESPONDENT, *v.* DAVID DEALEY, APPELLANT.

SUFFICIENT ANSWER.—If an answer puts in issue the material facts it is sufficient.

STRIKING OUT AN ANSWER.—To justify striking out an answer as false and therefore sham, it must be obviously false or false in fact and pleaded in bad faith.

SHAM ANSWERS.—Sham answers are such as are good in form, but false in fact and pleaded in bad faith.

VAGUENESS IN PLEADING.—Mere vagueness in pleading must be corrected by amendment and not visited by judgment.

APPEAL from Baker County.

The action is upon a promissory note for one hundred and fifty dollars and interest, which purports to be for value received. The complaint sets out a copy of the note, alleges its execution and delivery, and alleges that no part of the said promissory note or the interest thereon has been paid. That there is now due and owing to said plaintiff from said defendant on said promissory note the sum of one hundred and fifty dollars in gold coin, together with interest in like gold coin on said one hundred and fifty dollars at the rate of twelve per cent. per annum from February 28, 1867.

The answer admits the execution and delivery of the note, but alleges that it was without any consideration; that a day or two prior to the execution of the note, plaintiff and defendant had an accounting and final settlement of all matters between them; that at such settlement a balance was struck and there was found due defendant from plaintiff upwards of one hundred and eighty dollars; that there has been no dealings between the parties since said settle-

ment, and that defendant is not indebted to plaintiff on said note in any sum whatever. The answer further alleges that immediately after the settlement the plaintiff refused to pay the defendant the amount found due, but then and there demanded that defendant should make and deliver the said note; and threatened that if the defendant refused to deliver the same the plaintiff would cause the arrest and imprisonment of the defendant. And the defendant believing and fearing that the plaintiff would carry his threat into execution, did on account thereof and without consideration make and deliver said note to the plaintiff. That there was no legal or equitable cause or right for said threatened arrest and imprisonment. That it was from fear of said threats, which were malicious and wanton, and not for any consideration, that he executed said note. *And that he told the plaintiff* at the time that he would not pay the note.

On motion of the plaintiff the answer was struck out and judgment was rendered for the plaintiff.

*R. A. Pierce and C. G. Curl,* for Appellant.

Want of consideration is a good defense in an action of this kind. (1 Pars. on Con. 249, 250, Ed. of 1864; 3 Kent. Com. 103, Ed. of 1860; *Jenkins* v. *Schaub,* 14 Wisc. 1; *Stillwell et al.* v. *Kellogg et al.,* 14 Wisc. 461; Story on Notes, §§ 181 to 190. Fear of imprisonment is duress and a good defense. (*Whitefield* v. *Longfellow,* 13 Me. 146; 1 Pars. on Con. 392, Ed. of 1864; 2 Kent. Com. 610, note "b," Ed. of 1860; 5 Hill's R. 154; Duress, Bouv. Law Dict.)

*I. D. Haines,* for Respondent.

The answer is sham. Making the note was a new dealing. (12 Cal. 171; 14 Cal. 509; Van Sant Pl. 603; 6 Cow. 34.)

It was a note given after a settlement. Counter claim is not well plead. (Van Sant Pl. 400, 579, 603; 15 Barb. 360.)

The allegations of fear, threats of arrest, etc., are sham defenses, shown false by the amended answer, which says that when the defendant signed the note he told the plaintiff that he would not pay it, which does not show fear.

It is not shown by stating facts that the plaintiff had no right to arrest defendant. Facts should be stated. (Van Sant Pl. 302, 467; 5 Cal. 160; 18 How. 306; 6 Mass. 500.)

Fraud, duress. (27 Cal. 166; 2 Estee Pl. 674; 19 How. 69; 2 Block, 499.)

By the Court, UPTON, J.:

The only question presented arises upon an order striking out the answer and rendering judgment for the plaintiff. Evidently there are parts of the answer which, if they are unqualified by the other parts, amount to a defense.

"If an answer puts in issue the ultimate facts resulting from the evidence, it is sufficient. (*Moore* v. *Murdoc,* 26 Cal. 524.)

But it is claimed by the respondent's counsel, and seems to have been held by the Circuit Court, that all the direct statements of the answer which would have been available, are rendered useless by qualifications and contradictions. If a defendant sets up that no consideration was given, and in a second defense sets forth the circumstances under which the note was given, the first branch of the answer will be interpreted by the second. (*Kyle* v. *Harrington,* 4 Abb. Pr. 42.) And if it appears from the circumstances that there was a consideration, the first defense, although direct and positive, will be of no avail.

This is but an application of the general and familiar rules of pleading, that a pleading must not be contradictory, and that a party is bound by the admissions in his pleading.

We have only to examine the answer and ascertain whether it contains any admission of a consideration or makes any statement inconsistent with the plea that the note was given without consideration. The answer contains many redundant statements in regard to the defendant's affairs and the members of his family which could not possibly aid his defense or serve any beneficial purpose; but we do not find in this array of circumstances any statement that flatly contradicts the plea that there was no consideration for the note. Nor do the allegations, taken as a whole, show that the note must have been founded

upon sufficient consideration. The circumstance that the parties met a day or two before the note was made "and accounted, reckoning all things theretofore existing in deal between them, and struck a balance," is not entirely incon- sistent with the first plea. The same may be said of all the circumstances detailed in the answer; notwithstanding all that is set out, it is not impossible that there was an ascer- tained balance due to the defendant, and he may have been induced by threats to give the note without any good or valuable consideration, for aught that appears in the cir- cumstances detailed. No affidavit was filed upon which the Court would act, as was done in the case of *Brewster* v. *Bostwick* (6 Cow. R. 34).

The argument of the respondent assumes that the Court can decide upon the truth of the plea, and declare an answer sham upon mere probabilities. Thus he claims that the allegations in regard to the accounting render it improbable that the account was settled, or that no money was due to the plaintiff, and that the defendant's assertion, made at the time he signed the note, that he would not pay it, renders it improbable that he was intimidated, or that he signed the note through fear of arrest; but I think this as- sumption untenable. When an answer is objected to as false, and therefore sham, the Court should not proceed upon probabilities, but to justify striking out an answer on this ground it must be obviously false, or it must be shown to be false and in bad faith. "Sham answers are such as are good in form, but false in fact, and pleaded in bad faith." (*Gostorfs* v. *McCahill & Co.*, 18 Cal. 385; *Piercy* v. *Sabin*, 10 Cal. 22.) None of the numerous authorities cited by the respondent, justify a Court in striking out an answer, and rendering a judgment on the merits, upon a mere suspicion of untruth; nor in rejecting an answer as con- tradictory, and thus terminating the case, unless the state- ments alleged to be contradictory are entirely inconsistent with the truth of the defense that is well plead. It cannot safely be asserted from an inspection of this answer that it could not have been established on the trial that the note was without consideration. If the truth of the matter rested

on probabilities, this entitled the party to a trial. It was, therefore, error to render a final judgment for the plaintiff.

So much irrelevant and redundant matter is contained in the answer, and intermingled with that which is material, that it encumbers the case, and there is much reason to think the Court might well have made the order striking out the answer, at the same time granting leave to amend upon terms; and if the terms were not accepted, might have rendered this judgment; but these defects do not warrant a judgment without an opportunity to defend.

"Mere vagueness in pleading is to be corrected by amendment, and not visited by judgment." (*Kelly* v. *Barnett,* 16 How. Pr. R. 135; *Struver* v. *Ocean Insurance Company,* 9 Abbott Pr. R. 23.)

The judgment should be reversed and a new trial granted.