[Filed March 24, 1885.]

## CHARLES F SPECHT *v.* WM. O. ALLEN.

Practice—Judgment Non-obstante—Appeal.—When it is claimed that a pleading does not state a cause of action or defense, as the case may be, and such objection is not raised till the trial, the party so objecting should be compelled to resort to a motion for judgment, notwithstanding the verdict, in case one were rendered against him, as the party interposing the pleading ought, when it has not been demurred to, to be entitled to the presumptions such a verdict would afford; but where the pleading is so defective that no valid judgment could be rendered upon it, and judgment has gone against the party filing such pleading, this court will not reverse such judgment because a different course was adopted.

Pleading—Fraudulent Representations.—In a defense upon the ground of fraudulent representations, it is not sufficient to aver that the representations were false, but the pleader must show wherein they were false. In such cases, facts, not conclusions, must be alleged.

MULTNOMAH COUNTY. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Williams & Willis,* and *Mendenhall & Steeves,* for Appellant.

This is an action for a deceit practiced by respondent upon the appellant in the sale of the land. It is not a question as to the extent of the deception practiced, but as to whether there was any known deception practiced by respondent inducing the purchase, and which resulted in damage to appellant. (*Rolfes* v. *Russell,* 5 Oreg. 400; *Addington* v. *Allen,* 11 Wend. 375; *Van Epps* v. *Harrison,* 5 Hill, 63; *Clark* v. *Baird,* 5 Seld. 183–186; *Monell* v. *Colden,* 13 Johns. 402.) The measure of damages is the difference in value between that which is actual and that which was represented to exist. (3 Sutherland on Damages, 590, n. 1; *Stiles* v. *White,* 11 Met. 358; *Morse* v. *Hutchins,* 102 Mass. 439; *Miller* v. *Barber,* 66 N. Y. 558–568; *Briggs* v. *Brushaber,* 43 Mich. 330–332; *Page* v. *Wells,* 37 Mich. 415–421.) The answer in this case is sufficient to entitle the defendant to show the difference in value between the property as it was represented to be and as it in fact was at the time of the purchase. (*Davis* v. *Elliott,* 15 Gray, 90.)

*Northup, & Gilbert,* for Respondent.

The rule is well settled that "the fraud alleged must be set forth particularly and in detail, so that the person against whom it is charged may have the opportunity of knowing what he has to meet, and of shaping his defense accordingly." (Kerr on Fraud, 365; *Conway* v. *Ellison,* 14 Ark. 360; *Capuro* v. *Builders' Ins. Co.* 39 Cal. 123; *Curry* v. *Keyser,* 30 Ind. 214.) This is the rule in all the Code States except Missouri. (Bliss on Code Pleading, § 211.) The answer must show, "not only what the fraud was, but also its connection with the alleged damage, so that it may appear to the court whether the fraud and the damage sustain to each other the relation of cause and effect, or at least whether the one might have resulted directly from the other." (Bigelow on Fraud, 451; *Byard* v. *Holmes,*

5 Vroom, 296; *Bartlett* v. *Blaine,* 83 Ill. 25.) The represen-
tation must be material. (Bigelow on Fraud, 7; *Masterton*
v. *Beers,* 1 Sweeny, 406.) "A complaint (or answer setting up
an affirmative defense) ought to contain such a statement of facts
that the court alone, without the aid of a jury, draws a necessary
conclusion that a cause of action exists in favor of the plaintiff."
(*Rodi* v. *Rutgers' F. Ins. Co.* 6 Bosw. 23.) In a case where
the fraud relied upon was the false statement that the defendant
was owner of certain land, the court held that the complaint
must allege as a matter of fact that he had no interest in the
land. (*Seaborn* v. *Sutherland,* 17 Ark. 603; *Kinney* v. *Osborne,*
14 Cal. 112; *Slack* v. *McLagan,* 15 Ill. 242.) It may well
be questioned whether the defendant could set up any counter-
claim for alleged fraud in this case, after having denied that there
is any indebtedness on the note or any consideration therefor.
He had his option to affirm the contract and sue for damages,
or to rescind the contract and sue to recover the purchase money.
He sues for the purchase money, and attempts to avoid the con-
tract. This he cannot do without first tendering a conveyance of
the land back to the plaintiff. (Bigelow Fraud, 427; *Kinney*
v. *Osborne, supra; Joest* v. *Williams,* 42 Ind. 565; *Seaborn* v.
*Sutherland,* 17 Ark. 603; *Lemmon* v. *Hanley,* 28 Tex. 219;
*McMurray* v. *Gifford,* 5 How. Pr. 14.)

THAYER, J.—This appeal is from a judgment recovered by
the respondent against the appellant in an action upon a prom-
issory note, alleged in the complaint to have been executed by
the appellant to the respondent on the 21st day of March, 1883,
at Portland, Oregon, for the payment of $3,250, and interest
and reasonable attorney's fees, upon which he claims a balance
of the sum of $1,600, for which he demanded judgment, with
accruing interest and costs, including such attorney fee as the
court should adjudge reasonable. The appellant filed an answer
to the complaint, denying any indebtedness, and in which he set
forth, as a further defense and counter-claim, that he bargained
with the respondent for the purchase of certain real property,
situated in the county of Columbia, State of Oregon, opposite

to the town of Kalama, in Washington Territory, claimed to be owned by the respondent; that upon proposing to purchase said land, and as a part of the consideration for such purchase, he requested the respondent to point out to him the exterior boundaries of the said land, which the latter agreed to do, and took him upon a part of the land and pointed out as the exterior boundary, upon the westerly side, a line which would include a certain stream of water, known as "Tide Creek," from its mouth extending back for a distance of about a third of a mile; that he pointed out as another exterior boundary a line or direction which would include a portion of the lower end of Deer Island, in the Columbia River, also include a considerable tract of the shore or bank of said river, and land covered by shallow water contiguous thereto, amounting to about eight acres, and represented that the boundary line on the river side extended into said Columbia River to navigable water for sea-going vessels and large steam and ferry boats; that in order to induce the appellant to purchase said land, the respondent further represented to him and declared that the water along the front of said land, at its boundary line, was of navigable depth at all seasons for large sea-going vessels; that a ship could lay anywhere from the foot of Deer Island along the boundary line of the land to the corner near the mouth of Tide Creek; that there was twenty-four feet and upwards of water anywhere from the Oregon shore to the Washington Territory shore at low water; and further represented, to induce him to purchase the land, that it was the only place where there was a sufficient depth of water in the Columbia River, extending across the river, where the Northern Pacific Railroad Company could ply their railroad ferry; that appellant, relying upon the honesty of the respondent, and the truthfulness of said representations made by him, was induced to purchase said tract of land at a very high figure, and at a price and cost far above its actual value, paying for three quarters of 408 acres the sum of $15,000, while in truth and fact said land was wholly worthless; that relying upon the truthfulness of said declarations, representations, and statements of the respondent, appellant

purchased said land for a town site; that it was wholly unfit for a town site, and worthless for that purpose; that each and every of the said representations, declarations, and statements were false, and the respondent knew them to be so when he made them, and that they were made by him with the intention and for the purpose of inducing the appellant to purchase the land at the said price; that the said promissory note was given for the purchase price of said land; that appellant did not discover the falsity of the said statements, representations, or declarations until sometime after the date of the last payment made upon the said note, and wherein the appellant claimed that he had been damaged thereby in the sum of $15,000.

The respondent filed a reply to the said matter of defense and counter-claims set forth in the answer, in which he denied the same, and alleged that the appellant well knew the boundary lines of said land when he purchased it, and knew that they included the land he purchased, and the situation and condition of the land. The action was tried by a jury. At the trial the respondent gave evidence tending to show the value of the attorney fee claimed in the complaint, and rested his case. Thereupon the appellant offered himself as a witness to prove the matters alleged in his answer, to which the respondent's counsel objected, upon the grounds that they did not constitute a defense or counter-claim. The court sustained the objection, and excluded any proof thereof, to which the appellant excepted. The case having been submitted to the jury, they returned a verdict for the respondent for the amount claimed in the complaint, and upon which the said judgment appealed from was entered.

The only question presented for the determination of this court is whether the new matter contained in the said answer constituted a defense or counter-claim. It was an unusual method of taking advantage of such a defect, and the respondent should be held to strict rules. He should be required to show conclusively that the answer is absolutely defective, for the courts ought not to indulge a party in treating such a pleading as sufficient whereby costs and expenses in the action accum-

ulate, and then to take advantage of the defect. (*Jennison* v. *Haire*, 29 Mich. 210, 211.) It has been held that when a pleading did not contain a cause of action or defense, as the case might be, and the objection to it was made for the first time at the trial by opposing the introduction of evidence to support it, the party would be deemed to have waived any objection to its sufficiency. (Pom. Rem. §§ 596, 597.) I am of the opinion that the party in such case should be compelled to resort to a motion for judgment notwithstanding the verdict, in case one were to be rendered against him, as the party interposing the pleading ought, when it had not been demurred to, to be entitled to the presumptions a verdict in his favor would afford. That appears to me to be the course the Code intends should be pursued. (§ 263, Code.) But on the other hand, where a party has no sufficient pleading to stand upon, and judgment has gone against him, he is not in a favorable condition to ask for its reversal, particularly where a verdict would not have cured the defect. An appellate court, in such a case, could, I think, consistently determine that the error had not injured him.

It seems to me that the question for this court to solve in this case is whether the appellant's answer was so defective that a verdict in his favor would not have aided it. If in such a case a court would arrest the judgment in consequence of the insufficiency of the pleading, the party standing upon it would have no right to complain on account of the mode of practice the court pursued in determining its insufficiency, as he would be in no condition to claim any benefit from such a pleading. The appellant, in his answer herein, alleged a great number of acts and representations of the respondent regarding the land he purchased of him, which, if untrue in any material particulars, would have been fraudulent, and would have constituted a counter-claim to the respondent's action; but he does not show, by any fact he alleged, wherein they were untrue. He alleges, it is true, that the whole matter was a tissue of falsehood, but in what respect he wholly fails to disclose; for instance, that the respondent pointed out to him where and what course certain of the exterior lines of the land ran, and that it was false; but he

does not allege where and what course they did in fact run.    If he had alleged the latter facts, it might, as the respondent's counsel suggested upon the argument, have shown that the difference was immaterial; and the same may be said of every one of his allegations of the pretended fraudulent statements of the respondent in the premises.    Fraud in such a case consists in knowingly misrepresenting a fact in some material particular, and it must be so alleged that the court can see from the allegations that such misrepresentation had been made by the party charged.    It would not be sufficient to create a liability to allege that the respondent, in order to induce the appellant to enter into the bargain referred to in said answer, fraudulently stated and represented that "there was twenty-four feet and upwards of water anywhere from the Oregon shore to the Washington Territory shore at low water," without an allegation of the true depth of the water between the two points, and showing that there was a material difference between the representation and the fact as it actually existed.    It is not enough for the pleader in such a case to aver that the representation was false, but he must show wherein it was false, in order that the court may see that the discrepancy is material.    An allegation of its being material would only be a conclusion and not a fact. Facts, in such cases, must be alleged, not conclusions; for it is the former that constitute a cause of action or defense.

Our opinion, therefore, is that the new matter set up in the answer was insufficient to constitute a defense or counter-claim; that it would have been held bad on demurrer, or motion in arrest of judgment; and that the refusal of the Circuit Court to allow evidence to be given in support of it was not such an error as would justify a reversal of the judgment, whatever might have been the correct mode of proceeding in such a case.

The judgment appealed from is affirmed.