[Filed June 24, 1891.]

## MILES RADER *v.* M. E. McELVANE.

Nonsuit—Confession and Avoidance.—Where an answer is in the nature of a confession and avoidance, and the only issue in the case arises between it and the denials of the reply, a judgment of nonsuit on motion of the defendant is not authorized by our code.

Receipt—Prima Facie Evidence.—A receipt is only *prima facie* evidence of the matters therein stated, and may be explained or contradicted by extraneous testimony.

Sherman county: Frank J. Taylor, Judge.

Plaintiff appeals. Reversed.

*C. J. Bright,* for Appellant.

*Huntington & Wilson,* for Respondent.

BEAN, J.—The answer admits the execution and delivery of the note, which is set out in the complaint, but avers payment thereof in full on January 22, 1889, which being denied by the reply, made the only issue in the case. The note was identified, and admitted in evidence without objection.

The defendant having offered in evidence a writing admitted to have been executed by plaintiff, and which on its face purported to be a receipt against a note of the same date and amount as the note described in the complaint, plaintiff offered to show that on or about February 2, 1888, the exact date not being known, he sold to defendant a horse for $67.50; that defendant executed and delivered his note for the price of the horse, due in twenty months; that plaintiff lost the note, and on informing defendant of that fact, it was agreed that a new note should be given in terms as nearly as possible of the lost one, in lieu thereof, and that plaintiff should give a receipt against the lost note; that in pursuance of this agreement, the note described in the complaint and the receipt offered in evidence by defendant were executed on January 22, 1889, and that neither the first nor second note had been paid. The court refused to admit this evidence, but allowed the motion of the defendant for a nonsuit.

A judgment of nonsuit may be given against the plaintiff on motion of the defendant when the action is called for trial and the plaintiff fails to appear, or when the trial has begun and before the final submission of the cause the plaintiff abandons it, or when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury. (Hill's Code, § 246.) A cause not sufficient to be submitted to the jury is one where it appears that if the jury were to find a verdict for the plaintiff upon all of the issues, the court ought, if required, to set it aside for want of evidence to support it. (Code, § 247.)

In this case the cause of action alleged by plaintiff is admitted by defendant, so no proof was necessary on his

part. The only issue was made by the allegation of payment in defendant's answer, and the burden of proof was on him to sustain such issue. The plaintiff had not failed to prove a cause sufficient to be submitted to the jury within the meaning of the section authorizing a judgment of nonsuit, for no proof of his cause of action was required, and unless defendant proved the alleged payment to the satisfaction of the jury by a preponderance of the evidence, plaintiff was entitled to a verdict. It was therefore manifest error to grant the motion for nonsuit.

Nor could the court declare as a matter of law, that the receipt offered in evidence was conclusive evidence of payment. It was but *prima facie* evidence, and subject to be contradicted or explained, and the evidence offered by plaintiff for that purpose should have been admitted. Without such explanation the jury could not have intelligently determined whether the note sued on had been paid or not. That was the only issue in the case, and the receipt was competent evidence as tending to prove it, but by no means conclusive. The plaintiff offered to show that it was not intended to be against this note, and he should have been permitted to do so. There was no variance, as claimed by respondent's counsel, between the note admitted in evidence and the allegations of the complaint. The copy of the note set out in the complaint, and the note admitted, were in words and figures exactly the same. The fact that the complaint alleges that the note was made and executed on the second day of February, 1888, when in fact it was executed in January, 1889, is immaterial under the admission in the answer.

Judgment reversed and new trial ordered.