Argued 10 October; decided 21 October, 1901.

## CREECY v. JOY.

[66 Pac. 295.]

NOTE—PLEADING—BURDEN OF PROOF.

1. An answer in an action on a note, expressly admitting the execution of the note, and pleading payment thereof is a sufficient admission of its execution to dispense with proof thereof.

JOINT NOTE—LIABILITY OF SURVIVOR.

2. An action can be maintained against the survivor of the makers of a joint promissory note without joining the representatives of the deceased maker.

IMMATERIAL VARIANCE BETWEEN PLEADINGS AND PROOFS.

3. There is not a material variance between an allegation of the execution of a joint and several note by certain named persons and proof of the execution of a joint note by said parties and that one of the parties is dead: Denn v. Peters, 36 Or. 486, applied.

DEFECTIVE PLEADING—WAIVER OF ANSWERING OVER.*

4. The defect in the complaint in an action on a note is alleging only the conclusion that a certain sum is due, instead of stating when the note matured, is waived by answering over.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action on a promissory note by A. T. Creecy against R. Z. Joy. From a judgment in favor of defendant, plaintiff appeals.          REVERSED.

For appellant there was a brief over the name of *French & Hufford,* with an oral argument by *Mr. W. S. Hufford.*

For respondent there was a brief over the name of *Catlin & Kollock.*

---

NOTE.—The authorities on the effect of defectively or inaccurately stating a cause of action or defense, when the objection is not made by motion or demurrer before trial, are generally indexed under the headings, Waiver by Pleading Over and Aider by Verdict. As they are but different statements of one legal proposition, the court has often cited authorities under one of these divisions in support of the other, but in this note the Oregon cases are arranged separately.

WAIVER OF DEFECT BY PLEADING OVER.

*Bowles* v. *Doble,* 11 Or. 474, 480 ; *Davis* v. *Wait,* 12 Or. 425 ; *Fisk* v. *Henarie,* 13 Or. 156, 165 ; *Olds* v. *Cary,* 13 Or. 362 ; *Hexter* v. *Schneider,* 14 Or. 184 ; *Hyland* v. *Hyland,* 19 Or. 51, 58 ; *Anderson* v. *North Pac. Lumber Co.* 21 Or. 281 ; *Drake* v. *Sworts,* 24 Or. 198 ; *Wilson* v. *Wilson,* 26 Or. 251 ; *Baker City* v. *Murphy,* 30 Or. 405 ; *Fleischner* v. *Bank of McMinnville,* 36

Mr. Chief Justice Bean delivered the opinion.

This is an action on a promissory note. The complaint, omitting the formal parts, is as follows: ''That on or about the sixteenth day of June, 1893, the above named defendant and one J. M. Joy, for value received, made, executed, and delivered to this plaintiff their certain joint and several promissory note in writing, bearing date June 16, 1893, whereby and wherein the said R. Z. Joy and J. M. Joy jointly and severally promised and agreed to pay to the order of this plaintiff the sum of $165.50 in United States gold coin, with interest thereon in like gold coin at the rate of eight per cent per annum from date until paid; that it was provided in said note, and made a part thereof, that, in case of suit or action being instituted to collect the said note or any portion thereof, the said R. Z. Joy and J. M. Joy jointly and severally promised and agreed to pay such additional sum as the court might adjudge reasonable as attorney's fees in said suit or action; that some time after the execution and delivery of said note the said J. M. Joy died; that there is now due and owing on the said promissory note from the said defendant, R. Z. Joy, to this plaintiff, the sum of $165.50 in United States gold coin, with interest thereon in like gold coin at the rate of eight per cent per annum from the sixteenth day of June, 1893, and the same nor no part thereof has been paid; that the sum of $25 is a reasonable sum to be allowed plaintiff as attorney's fees in this action for the collection of the said note; that the plaintiff

Or. 553; *Chan Sing* v. *Portland,* 37 Or. 68; *Currey* v. *Butcher,* 37 Or. 380; *Hughes* v. *McCullough,* 39 Or. 372.

AIDER OF DEFECTIVE PLEADING BY VERDICT.

*Houghton* v. *Beck,* 9 Or. 325; *Davidson* v. *Oregon & Cal. R. Co.* 11 Or. 136; *David* v. *Waters,* 11 Or. 448; *Specht* v. *Allen,* 12 Or. 117; *Atkin* v. *Coolidge,* 12 Or. 244; *Weiner* v. *Lee Shing,* 12 Or. 276; *Andros* v. *Childers,* 14 Or. 447; *Willer* v. *Oregon Ry. & Nav. Co.* 15 Or. 153; *McKay* v. *Musgrove,* 15 Or. 162; *Bingham* v. *Kern,* 18 Or. 199; *Gschwander* v. *Cort,* 19 Or. 513; *Miller* v. *Hirschberg,* 27 Or. 522; *Bennett* v. *Minott,* 28 Or. 339; *Nicolai* v. *Krimbel,* 29 Or. 76; *Booth* v. *Moody,* 30 Or. 222; *Balfour* v. *Day,* 32 Or. 503; . *Hargett* v. *Beardsley,* 33 Or. at p. 307; *Foste* v. *Standard Ins. Co.* 34 Or. 125; *Sayre* v. *Mohney,* 35 Or. 141 (56 Pac. 526); *Savage* v. *Savage,* 36 Or. 268; *Chan Sing* v. *Portland,* 37 Or. 68; *Roseburg Ry. Co.* v. *Nosler,* 37 Or. 299; *Currey* v. *Butcher,* 37 Or. 380 (61 Pac. 631).          —REPORTER.

is the owner and holder of the said promissory note." The answer expressly admits the execution and delivery of the note in manner and form as alleged in the complaint, but denies that the makers "jointly and severally" promised to pay such additional sum as the court might adjudge reasonable as attorney's fees, or that there is "now due and owing" on such note from the defendant to the plaintiff the sum of $165.50, or any other sum, and denies that $25, or any other sum, is a reasonable attorney's fee. For a further and separate defense it is alleged that on the twenty-second of December, 1893, the defendant paid plaintiff the sum of $400 in full payment and satisfaction of all moneys and accounts at that time due and owing him. The reply put in issue the material allegations of the answer. Upon the trial the plaintiff, after giving evidence tending to prove the reasonable value of the attorney's fee for prosecuting the action, rested, when the defendant gave evidence tending to show that the note in suit had been settled in December, 1893, in a land trade with plaintiff. Plaintiff thereupon testified in rebuttal, without objection, that on June 16, 1893, the defendant and his father executed the promissory note sued on, and that it was not included in or made a part of the land transaction, nor had any part of it been paid, and it was due one day after date. After both parties had rested the defendant moved for a nonsuit on the ground that the plaintiff had failed to give any evidence tending to show when the note became due and payable. While this motion was pending and undisposed of the plaintiff offered in evidence a note which he claimed to be the one described in the complaint, and which conformed in all particulars to the allegations, except that it was a joint, and not a joint and several, note, and was due one day after date. Objection was made to its introduction, during the consideration of which the plaintiff asked permission to amend his complaint to conform to the proof by alleging that the note sued on was joint, and due one day after date. The court admitted the note in evidence, but refused to permit the

amendment, and subsequently granted the motion for a non-suit, and plaintiff appeals.

1. The cause of action alleged in the complaint was, in our opinion, admitted by the answer, and no proof on the part of the plaintiff was necessary, except on the question of the attorney's fee. The answer expressly admits the execution and delivery of the note as alleged; and the denial that there was "due and owing" thereon the sum of $165.50, or any other sum, was not, in view of the affirmative allegations of the answer, a denial that the note had matured, but, rather a denial that there was anything owing thereon, for the reason that it had been paid. The only issue in the case, as we construe the pleadings, was made by the allegation in the answer of payment. The burden of proof being thus transferred to the defendant, a motion for a nonsuit could not properly be sustained because of a failure of proof on the part of the plaintiff: *Rader* v. *McElvane,* 21 Or. 56 (27 Pac. 97).

2. But if we are mistaken in our construction of the pleadings, and the question as to whether the note sued on was due at the commencement of the action was an issue, the note itself, as well as the oral testimony of the plaintiff, given without objection, was ample proof on that point. It is true, the note offered and admitted was joint, while the complaint alleges the one sued on to be joint and several, but it is averred and admitted that after its execution one of the makers died. In such case an action can be maintained against the survivor alone, without joining the personal representatives of the deceased maker: Pomeroy, Code Rem. (3 ed.) § 280; so that it can make no difference, so far as the defendant's liability to the plaintiff is concerned, whether the note was joint or joint and several.

3. The variance in this regard could not, therefore, have misled him to his prejudice, and, being immaterial, should be disregarded: Hill's Ann. Laws, § 96; *Dodd* v. *Denny,* 6 Or. 157; *Stokes* v. *Brown,* 20 Or. 530 (26 Pac. 561); *Denn* v. *Peters,* 36 Or. 486 (59 Pac. 1109).

4. But it is argued that the complaint does not state facts

sufficient to constitute a cause of action, because it does not allege in terms the time when the note sued on became due, and therefore the judgment should be affirmed. Tested by a demurrer, the complaint is probably defective; but the defendant answered over, and the objection was first made at the trial. In such case the pleading will be liberally construed, and will be aided by all the intendments that could be invoked after verdict. In speaking of the rule, when objection is made to the sufficiency of a pleading for the first time on the trial, Mr. Justice THAYER says: "The party in such case should be compelled to resort to a motion for judgment notwithstanding the verdict, in case one were to be rendered against him, as the party interposing the pleading ought, when it had not been demurred to, to be entitled to the presumptions a verdict in his favor would afford": *Specht* v. *Allen,* 12 Or. 117 (6 Pac. 494). And this is the settled law in this

Now, a verdict will cure all mere formal defects in the pleadstate: *Baker City* v. *Murphy,* 30 Or. 405 (42 Pac. 133, 35 L. R. A. 88); *Curry* v. *Butcher,* 37 Or. 380 (61 Pac. 631). ings, and will aid a defective statement of a good cause of action or defense, although it will not cure the omission of a material allegation. "The extent and principle of the rule of aider by verdict," says this court in *Booth* v. *Moody,* 30 Or. 222 (64 Pac. 884), "is that whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same whether the allegation of the complaint is complete or imperfect. But, if a material allegation going to the gist of the action is wholly omitted, it can not be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict." See, also, upon the same point, *Houghton* v. *Beck,* 9 Or. 325; *David* v. *Waters,* 11 Or. 448 (5 Pac. 748); *Weiner* v. *Lee Shing,* 12 Or. 276 (7 Pac. 111); *Bingham* v. *Kern,* 18 Or. 199 (23

Pac. 182) ; *Hargett* v. *Beardsley*, 33 Or. 301 (54 Pac. 203) ; *Foste* v. *Standard Ins. Co.* 34 Or. 125, 127 (54 Pac. 811). The complaint alleges that there was due and owing on the note mentioned therein a certain sum, and, while this allegation is perhaps a conclusion of law, it is nevertheless an attempt to state a material fact.   It is not an omission of a material allegation, but, rather, a defective statement thereof, which, under the authorities cited, was waived by answering over.

The judgment will be reversed, and a new trial ordered.

REVERSED.