ROGERS v. BUCK CREEK OIL CO.*
(No. 1204; December 30, 1924; 231 Pac. 410)

Appeal and Error—Action—Pleading—Defense.

1. In the absence of a reply and demurrer thereto from record, appellate court cannot pass upon sufficiency of reply or propriety of sustaining demurrer thereto.

2. A petition alleging that erroneous charges were made in accounting, of which plaintiff was ignorant, and that defendant had refused to correct it and reinstate account, and that on correction balance due plaintiff would be certain sum, without alleging why charges were erroneous and praying for nothing but money judgment, *held* to state cause of action for money judgment and not one in equity for setting aside settlement of account stated.

3. In action in which plaintiff alleged mistake in settlement of account because of erroneous charges, of which plaintiff was ignorant, without averments sufficient to put in issue whether charges were in fact erroneous, defense pleaded in answer that plaintiff received and cashed defendant's check, and was informed by remittance letter attached thereto why such charges were made, was sufficient, in absence of reply thereto.

4. Allegation that charges in accounting were erroneous is conclusion, not fact.

*NOTE—See Headnotes—(1) 4 C. J. p. 526; (2) 1 C. J. p. 1044; (3) 27 Cyc. p. 879 (1926 Anno.); (4) 31 Cyc. p. 51, 65 (1926 Anno.).

Appeal from District Court, Niobrara County; Cyrus O. Brown, Judge.

Action by Fred D. Rogers against Buck Creek Oil Company. From a judgment for defendant, plaintiff appeals.

*Thomas M. Fagan* for appellant.

The Court erred in overruling plaintiff's demurrer to the third defense of the answer; where fraud or mistake is shown, notes or receipts given are immaterial, I C. J. 710-12. Error in accounts under such circumstances may be corrected; Banking Co. v. Asher, 112 Ky. 138; Stevens v. Co., 62 Mich. 579; a claim for recovery on ground of

mistake is assignable; 2 Bates P. P. 882; an account stated is not conclusive; 62 Am. Dec. 91; money paid under mistake may be recovered; Banking Co. v. Asher, supra; the cause should have been treated as a suit in equity rather than an action at law.

*M. H. Neil,* and *Smith & Brock* for respondent.

There is a distinction between an action upon an original debt and one upon account stated; 1 C. J. 678; Davis v. Boswell, 77 Mo. App. 294; Barr v. Lake, (Mo.) 126 S. W. 755; an account stated is a new agreement based on settlement; 1 C. J. 705; the settlement and payment foreclosed all questions as to sufficiency of payment; Colo. Co. v. Club, 65 Colo. 418, 176 Pac. 495; Stanley Co. v. Merc. Co., 65 Colo. 587, 188 Pac. 577; Winter Cigar Co. v. Berman, 186 Pac. 285; North Am. Union v. Montenie, 189 Pac. 16; the record fails to disclose error or mistake sufficient to give jurisdiction to surcharge an account stated; Batson v. Findley, 43 S. E. 142; State v. Co., (Ill.) 92 N. E. 814; 1 Corpus Juris 716; there is no allegation of fraud or imposition and no ground to re-open the account; Johnson v. Co., 98 Pac. 883; Schoonover v. Osborne, 108 Ia. 453; Stern v. Ladow, 62 N. Y. Supp. 267; Marmon v. Elbert, 53 Mo. App. 610; right of action to surcharge an account is not assignable; Cross v. Bank, 6 Pac. 94, 1 C. J. 715.

Tidball, District Judge.

The plaintiff filed an amended petition in the District Court of Niobrara County containing twelve causes of action, all seeking recovery of money upon similar statements of fact. The first cause of action alleges in substance that defendant is a Wyoming corporation; that on January 14, 1922, an account was stated between the parties on which a balance of $85.98 was found due the plaintiff from defendant; that the following erroneous charges, of which the plaintiff was wholly ignorant, were wrongfully made in said accounting, to-wit: Production

tax for 1921, Rodeo wells, $30.45; Apex wells, $13.75; 1 H. & M. 3, $3.02; that plaintiff is entitled to credits for these charges which were wrongfully charged, and, as plaintiff is informed, were withheld for the pretended purpose of paying purported taxes of the plaintiff. Within a reasonable time after discovering said errors, the plaintiff notified the defendant thereof, and requested that the same be corrected, and the account reinstated, but the defendant refused. That there is a balance due plaintiff of $47.22 and interest on said cause of action. That there is now due plaintiff on the above and foregoing claims (including the twelve causes of action) the total sum of $323.08, together with interest, no part of which has been paid. Then there follows a prayer for judgment against defendant for that sum and costs and for general relief.

To this petition a demurrer was filed by defendant, which was overruled, and defendant answered. The third defense was substantially as follows: That defendant on and prior to January 14th, 1922, was engaged in the business of producing oil in Niobrara County from certain wells referred to in the amended petition; that plaintiff owned a royalty interest in the oil so produced or the proceeds thereof; that on January 14th, 1922, defendant delivered to plaintiff its check payable to plaintiff for the amounts alleged by plaintiff in his amended petition to have been found due plaintiff; that printed on the back of said check was the following:

"Accepted and endorsed as settlement in full for the amount as stated in the accompanying remittance letter. If not correct, return without alteration and state difference;"

that a remittance letter signed by defendant was attached to the check, in which letter it was stated that the amount owing plaintiff was the amount of the check, and in such remittance letter was stated the manner in which

the sum was computed, and it was expressly stated therein that deductions had been made for the items of which the plaintiff complains in his amended petition; that said check was endorsed and cashed by plaintiff, and plaintiff accepted said check.

To this defense plaintiff demurred on the ground that it was insufficient in law and did not constitute a defense. That demurrer was overruled by the trial court and the plaintiff given an exception.

It is claimed by appellant in his brief filed in this court that a reply was filed by plaintiff to the above defense; that a demurrer thereto was filed by defendant, and that that demurrer was sustained and, the plaintiff electing to stand on his reply, on motion of defendant judgment was entered for defendant against plaintiff. However, the record on appeal fails to show any such proceedings. No reply to the third defense is in the record and no demurrer to any such reply. The next that appears in the record, after the order overruling the plaintiff's demurrer to the third defense, is the judgment of the court for defendant. It is true that the judgment recites that a reply was filed as to the third defense and a demurrer to that reply was sustained by the court, but without having that reply and demurrer before us in the record, we are unable to pass upon the question of the sufficiency of the reply or the propriety of the order sustaining a demurrer thereto.

It would therefore follow that, if the third defense contained in defendant's answer to plaintiff's amended petition is sufficient in law, the judgment of the trial court should be affirmed.

We think there can be no question that the third defense was sufficient. Although appellant in his brief claims that his action is one in equity for a reopening of an alleged stated account and not for a money judgment, we fail to find in the amended petition anything except an action at law for money claimed to be due the plaintiff. The prayer of plaintiff is for nothing but a money judg-

ment, and the last paragraph of the amended petition preceding the prayer alleges a sum "now due" the plaintiff. Nor do we find in the petition anywhere any substantial allegation to change the cause of action from one for a money judgment to a cause of action in equity for the setting aside of the settlement of an account stated. The averments in that respect are that certain "erroneous charges" were wrongfully made in the accounting, of which the plaintiff was "wholly ignorant;" that defendant had been requested to correct the same, and "the account reinstated," but had refused, and that on correction the balance due plaintiff would be a certain stated sum. There is nothing averred in plaintiff's petition to inform the court as to why the certain charges were erroneous. It is simply alleged that the certain sums were withheld by defendant for the pretended purpose of paying the so-called production tax. What that tax is and why it should be paid by defendant rather than by the plaintiff is not shown in the pleading. Indeed, the question as to whether the defendant might properly have charged the production tax against the plaintiff is not argued in plaintiff's brief, and is not, therefore, before the court. It is admitted by the pleadings, in the absence of the reply from the record, that the check alleged in the third defense was received and cashed and that the remittance letter accompanied the check. And the only allegation of fact as distinguished from conclusions in the petition respecting such charges is that the plaintiff was "wholly ignorant" of them. But nowhere is there any averment sufficient to put in issue the fact as to whether such charges were in fact erroneous, and that question is not argued in the brief. A mere allegation that such charges were erroneous is a conclusion, not a fact. So the allegations of plaintiff's amended petition, insofar as they affect the charges for the production tax, amount to no more than a statement that plaintiff was wholly ignorant of such charges; and defendant's third defense shows that plain-

tiff, when he cashed the check, was informed by the remittance letter that such charges were made and for what purpose, and that, being so informed, he cashed the check. It therefore follows that in the absence of a reply denying the allegations of the third defense, it was sufficient, and, the reply not being in the record, this court cannot say whether it sufficiently denied the allegations of this defense or otherwise avoided them.

The judgment of the district court is affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.