Argued January 21, reversed and remanded March 3, 1925.

THEODORE O. LOVELAND ET AL. *v.* GUY WARNER ET AL.

(233 Pac. 565.)

**Pleading—Demurrer Abandoned When Plaintiff Pleads Over.**

1. When a demurrer to an answer is overruled and plaintiff pleads over, demurrer is abandoned and ceases to be a part of record.

**Pleading—Plaintiff not Precluded from Attacking Answer Because not Stating Facts Sufficient to Constitute a Defense by Pleading Over.**

2. Plaintiff is not precluded by pleading over after overruling of demurrer, from attacking answer because it does not state facts sufficient to constitute a defense, since that point can be raised at any time during trial or on appeal for first time.

---

1. See 21 R. C. L. 554.

**Pleading—Defective Pleading Aided by Verdict.**

3. A defective pleading will be aided by a verdict.

**Pleading—Verdict will not Supply a Material Averment That Goes to Gist of Defense.**

4. While a verdict will aid in informal statement of facts in a pleading, it will not supply a material averment that goes to gist of defense.

**Sales—Notes for Goods Held not Without Consideration.**

5. Notes given for goods *held* to become binding when order was accepted, and consideration not to have failed where identical merchandise ordered was delivered and was of quality and kind specified, though seller's guaranty of increase of business from contemplated trade expansion campaign was broken.

**Sales—Order for Goods Held Severable from Covenant to Increase Business.**

6. Clause in contract constituting a distinct order for goods, in payment for which defendants delivered notes, *held* severable from covenant to increase makers' volume of trade which was not to mature until a year after date of contract, and after notes were payable.

---

See (1) 31 **Cyc.** 747. (2) 31 **Cyc.** 749. (3) 31 **Cyc.** 764. (4) 31 **Cyc.** 771. (5) 35 **Cyc.** 541 (1926 Anno.). (6) 35 **Cyc.** 113.

From Coos: JOHN C. KENDALL, Judge.

In Banc.

This case has been here before. See *Loveland* v. *Warner,* 103 Or. 638 (204 Pac. 622, 206 Pac. 298).

The plaintiffs brought an action against defendants for the recovery of a judgment upon six several promissory notes in the amount of $72.50 each. It is averred by the complaint that the notes were signed by defendants and delivered to plaintiffs at Iowa City, Iowa, in payment for certain merchandise. The note first described in plaintiffs' pleading reads:

"69081–345.

"P. O. Marshfield, State, Oregon, 6/20, 1917.

"For value received, we promise to pay to the order of the Brenard Manufacturing Company,

---

3. See 21 **R. C. L.** 615.
5. See 6 **R. C. L.** 685.
6. See 6 **R. C. L.** 983.

Seventy-two and 50/100 Dollars ($72.50), at Iowa City, Iowa, payable as below:

"Four months after date.   Amount $72.50.
"WARNER GROCERY Co.,
"By J. E. WARNER.
"44396, A   Extended to May 20, 1918."

The remaining notes are counterparts of the foregoing, excepting that they become due and payable five, six, seven, eight, and nine months after date respectively.

These notes were delivered to the plaintiffs with the following written order:

"P. O. Marshfield, State, Oregon, 6/20/1917.
"Brenard Manufacturing Company,
"Iowa City, Iowa:
"Gentlemen:
"On your approval of this order, deliver to me at your earliest convenience, F. O. B. factory point or distributing point, the goods and printed matter listed on reverse side, in payment for which I herewith hand you my six notes aggregating $435, which you agree to cancel and return to me if order is not approved by you.

"After preliminary work by circulars and correspondence has been done you agree to send your organizer to assist us in constructive campaign work. Organizer to remain for such time as you deem necessary, during which time I am to furnish free the necessary conveyance to properly conduct the work.

"I hereby certify that my last twelve months' business was not less than $80,000, and upon this figure my next twelve months' business to be $96,000, and that if 1/3 per cent of my gross business does not amount to four hundred thirty-five dollars ($435) for the next twelve months you will pay me the deficiency in cash, and immediately upon approval of this order send your bond for $435 to cover this agreement with me.

"To make the last above paragraph binding upon you I agree to furnish you within ten days approxi-

mately 150 names and addresses of persons outside of my town, whom I believe will make good contestants, take the shipments promptly, carry out the Trade Extension Campaign plan, promptly meet all obligations entered into under this agreement, keep the premiums well displayed in my store, issue premium deposit checks to the amount of each purchase, and every thirty days of this contract to report to you my gross business, to cordially co-operate with you and promptly furnish you all information you request to aid the success of the campaign, but it is understood that an omission of any of the above conditions shall release you only from the last preceding paragraph.

"I am to have the privilege of submitting any question or business problem to your advisory board and their opinion and advice are to be furnished without additional cost.

"In consideration of your special methods and plans and your expense hereunder, this order cannot be countermanded.

"(These notes to be detached by The Brenard Mfg. Co.).

"Signed—WARNER GROCERY Co., PURCHASER.
"By J. E. WARNER.
"P. O. Marshfield.  County, ——.  State, Oreg.
"Freight Station—Same.    Express Office—Same.
"Salesman, J. V. VALLEN."

To the defendants' answer the plaintiffs filed a demurrer, which was overruled. Thereupon a reply was filed. From a judgment entered upon a verdict in favor of the defendants, this appeal is taken.

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Wm. T. Stoll* and *Mr. J. W. McInturff*, with an oral argument by *Mr. Stoll*.

For respondents there was a brief and oral argument by *Mr. C. F. McKnight*.

BROWN, J.—The first point made is that the trial court erred in overruling the plaintiffs' demurrer to "the further second amended answer of defendants to plaintiffs' amended complaint."

1, 2. After the demurrer was overruled, the plaintiffs filed a reply to all of the new matter contained in the answer. In this jurisdiction it is well established that, when a demurrer to an answer is overruled and the plaintiff pleads over, the demurrer is abandoned and it ceases to be a part of the record: *Wells* v. *Applegate,* 12 Or. 208 (6 Pac. 770); *Johnston* v. *Oregon Short Line Ry. Co.,* 23 Or. 94 (31 Pac. 283); *Creecy* v. *Joy,* 40 Or. 28 (local citation in note) (66 Pac. 295). But the plaintiff is not precluded from attacking the answer on the ground that it does not state facts sufficient to constitute a defense, because that point can be raised at any time during the trial, or in this court on appeal for the first time: *Stanchfield Warehouse Co.* v. *Central R. R. of Oregon,* 67 Or. 396 (136 Pac. 34).

3, 4. A defective pleading will be aided by a verdict. See collection of local citations in *Creecy* v. *Joy,* 40 Or. 28, note (66 Pac. 295); *Minter* v. *Minter,* 80 Or. 369 (157 Pac. 157); *Childers* v. *Brown,* 81 Or. 1 (158 Pac. 166, Ann. Cas. 1918D, 170). But, while a verdict will aid an informal statement of the facts in a pleading, it will not supply a material averment that goes to the gist of the defense: *Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183 (193 Pac. 909), and local citations therein noted: *Duby et al.* v. *Hicks,* 105 Or. 27 (209 Pac. 156).

On its former consideration of this case, this court held that the contract involved herein contained distinct and independent covenants, and that the prom-

issory notes forming the basis of the action were in payment for the following written order of goods:

"Gentlemen:

"On your approval of this order, deliver to me at your earliest convenience, F. O. B. factory point or distributing point, the goods and printed matter listed on reverse side, in payment for which I herewith hand you my six notes aggregating $435.00, which you agree to cancel and return to me if order is not approved by you."

In writing the opinion for the court, Mr. Chief Justice BURNETT said, among other things:

"The chronological order of performance of different covenants in a contract is a distinguishing characteristic by which to determine whether the covenants are concurrent or independent: *Bilansky* v. *Hogan,* 190 Mich. 463 (157 N. W. 13).

"We will apply these principles to the contract in question. The first clause is a distinct order for goods mentioned on the back of the contract, 'in payment for which' the defendants delivered the six notes in controversy. This constituted a complete, separate and independent transaction. The promise to pay a certain sum of money absolutely and at all events in consideration of the delivery of the goods, was an independent covenant, practically so characterized by the terms of the contract. The defendants themselves in their offer designated the application of the notes, viz., in payment for the goods. Moreover, as to the time of performance, the notes were made payable in five, six, seven, eight, and nine months after date, while the covenant in the contract relating to the increase of the defendants' volume of trade to $96,000, dependent upon the doing of certain things by the defendants, was not to mature until a year after the date of the contract. By the test of chronologic order which the authorities lay down, the payment of the notes according to their tenor, or in other words, 'absolutely and at all events,' which characterizes a promissory note, was first to be ac-

113 Or.—39

complished, and that, too, in less than a year after the making of the contract.

"Still further, by the test of the measure of damages not going to the whole consideration, the covenants are independent. As stated, the notes were to be paid without qualification.

"The other covenant was that, if two-thirds per cent. of the gross business did not amount to $435 for the twelve-month, the plaintiffs were to pay the deficiency in cash. That could not be ascertained until after the expiration of the year. And moreover, the damages to be claimed under that clause were measured by the parties and went only to the increase of the business and not to the purchase price of the goods; hence, the damage did not go to the whole consideration, but only to part, as stated. * *

"If the defendants could show any damage on account of their business not having been increased to $96,000 for the year, it is their privilege to do so under Section 74, Or. L., by means of counterclaim, for the reason that the cause of action would arise out of the transaction set forth in the complaint. In order to do so, however, the defendants would necessarily be compelled to show by averment and proof that they, themselves, had complied with the contract on their part. As to the clauses respecting the increase of business, in one paragraph it is stipulated that the plaintiffs shall pay the deficiency of two thirds per cent. of the gross business of the defendants, if the same does not amount to $435 for the year; and to make this paragraph binding upon the plaintiffs, the defendants agree in the succeeding one to do certain things mentioned in the latter clause. Clearly, these two paragraphs constitute, in respect to their subject-matter, concurrent covenants. This is manifest from the language of the second of the two: 'To make the last above paragraph binding upon you, I agree * * , but it is understood that an omission of any of the above conditions shall release you only from the preceding paragraph.' This language plainly groups those two paragraphs together

as a feature separate and distinct from other conditions of the agreement. * *

"Confessedly, by the explicit terms of the contract, the notes sued upon were given for the merchandise, and the plaintiffs are trying to recover the price for which the notes were given.

"Neither is this a case where a failure of consideration is charged. As before stated, the consideration for the notes is recited by the contract itself. Under guise of explaining the consideration, a party cannot vary the terms of a written instrument: *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135); *Marks* v. *Twohy Bros.,* 98 Or. 514 (194 Pac. 675). * *

"The plaintiffs have an independent cause of action on the notes admitted to have been given in payment for the merchandise delivered, which was immune to the judgment of nonsuit. On the other hand, it is possible that the defendant can allege the contract, stating generally that they have duly performed all of the conditions on their part (Or. L., § 88), proving which and the extent of their business during that year to be less than $96,000, they might have a counterclaim against the absolute promise to pay the notes, abating to some extent, if not entirely, the amount of the plaintiffs' claim." *Loveland* v. *Warner,* 103 Or. 638, 647 (204 Pac. 622, 206 Pac. 298).

5. These notes are absolute in form, and were delivered to the payee to become binding obligations upon the happening of certain events mentioned in the written order that was delivered to the plaintiffs contemporaneously with the delivery of the notes. The contingency happened. The defendants' offer was accepted and their order for merchandise was filled. The contract was intentionally called into being. Nor was there any failure of consideration as asserted. The identical merchandise ordered by them was delivered in accordance with their order.

Every article ordered, including the "cheap jewelry," was delivered, and the goods were of the quality and kind specified in the order. The contract has never been reformed or rescinded.

6. By their pleading the defendants attempt to bring themselves within the doctrine of *Loveland* v. *Lally,* 99 Or. 483 (195 Pac. 819). That case is distinguished, and overruled in part, in *Loveland* v. *Warner, supra.* In the former case the contract was treated as entire and not separable, while in the case at bar this court has declared that the contract, as gathered from the intention of the parties gleaned from the language used therein, is severable.

The answer fails to state facts constituting a defense to plaintiffs' action.

This case is reversed and remanded.

REVERSED AND REMANDED.