Argued October 27, affirmed November 25, 1953

# SORENSON *v.* BOWEN

### 263 P. 2d 766

*John S. Horton* argued the cause for respondent. On the brief were Hallock, Banta, Silven & Horton, of Baker.

*Austin Dunn* argued the cause for appellant. On the brief were Dunn & Jackson, of Baker.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, TOOZE and PERRY, Justices.

LUSK, J.

Plaintiff sued to foreclose a chattel mortgage securing a promissory note in the principal sum of $2,038.31 executed by defendant to plaintiff as payee.

Defendant, by answer, admitted execution of the note and mortgage, and that plaintiff was the lawful holder thereof and that no part of it had been paid. Affirmatively defendant pled:

> "2. That said note and chattel mortgage were made and delivered by the defendant to the plaintiff in settlement of an accounting between plaintiff and defendant growing out of logging operations conducted by defendant for plaintiff, and based upon a computation made in the office of Plaintiff's attorney on May 16, 1952; that said computation was erroneous and in truth and in fact the Plaintiff is indebted to the defendant on account of said logging operations, in the sum of $3,678.88.

"3. That defendant has received no consideration for the said note."

On the trial the court sustained an objection to the introduction by defendant of evidence in support of the new matter in his answer. Decree was entered in favor of the plaintiff in accordance with the prayer of his complaint, and defendant has appealed.

■ The sole basis of the appeal is that the court erred in sustaining the objection just stated. The question is whether the affirmative answer states a defense. We think that it does not.

■ The cause of action alleged in the complaint was admitted by the answer and no proof on the part of the plaintiff was necessary except on the question of the attorney's fee. *Creecy v. Joy,* 40 Or 28, 31, 66 P 295. In an attempt to avoid the effect of this admission the defendant pled that the note and mortgage were given in settlement by the parties of an account between them, that the computation was erroneous, and that, in fact, plaintiff was indebted to defendant in the sum of $3,678.88. The word "settle" has an established legal meaning and implies a mutual adjustment of accounts between different parties and an agreement upon the balance. *National Surety Co. v. Johnson,* 115 Or 624, 631, 239 P 538. "Settlement" is an act or process of adjusting, determining, or composing doubts or differences. *Bauer v. National Union Fire Ins. Co.,* 51 N D 1, 198 NW 546. As stated by Lord, C. J., in *Hoyt v. Clarkson,* 23 Or 51, 54, 55, 31 P 198:

> "* * * when a settlement of accounts has been deliberately made and a note voluntarily given for an ascertained balance, it [a court of equity] will not reexamine such accounts and grant relief except on precise allegations of such errors or mistakes, and clear and satisfactory proof of the same.

\* \* \* The presumption is in favor of the correctness of the settlement, and that the note given for the balance ascertained on such settlement expresses the truth. Hence, the general rule that a settled account will not be opened on mere conflicting evidence, and that when opened, errors or omissions not alleged will not be considered, though there may be some evidence tending to prove them. In such case the party claiming that there were any errors or mistakes must allege them fully and precisely, so as to inform his adversary, and so that issue may be joined upon them''.

██ This doctrine was restated with approval by Harris, J., in *Gorsline v. Gore*, 90 Or 389, 391, 176 P 603, and may be regarded as the settled law of this state. See, also, 1 CJS 734, Account Stated § 54; *Rogers v. Buck Creek Oil Co.*, 32 Wyo 283, 231 P 410. The answer under examination is entirely wanting in ''precise allegations'' of any error in the settlement. It alleges no particular error at all. It consists of a mere generality that the computation was ''erroneous'' and a bare conclusion that plaintiff is indebted to the defendant in a named amount. A general averment of indebtedness without any statement of facts supporting it is a mere conclusion of law. 71 CJS 41, Pleading § 16. In some circumstances the defect is waived by answering over. See *Creecy v. Joy*, supra, p 33. But it would seem too obvious to require argument or citation of authority that no doctrine of waiver can be invoked to help the pleading when the general allegation of indebtedness contradicts the settlement which the defendant himself has alleged, and no attack which the law recognizes has been made on the settlement.

 The answer contains an allegation ''that defendant has received no consideration for the said note.'' The instrument imports a consideration, and,

if the defendant relies on a want of consideration, he must plead it and cannot avail himself of the defense under the general issue or a general denial. *Tuthill v. Stoehr,* 163 Or 461, 469, 98 P2d 8. There is authority in this state that a mere plea of "no consideration" is not an allegation of fact but a conclusion of law, and, therefore, insufficient: *Clevenger v. Smith,* 126 Or 384, 388, 270 P 501; and there is authority to the contrary: *Foren v. Dealey,* 4 Or 92, 94. Elsewhere the courts are not in agreement upon the question: 17 CJS 1191, Contracts § 555. It is also held that a plea, like the one in this case, that the *defendant* received no consideration is bad on demurrer since, if the contract had a consideration to support it, that is sufficient whether it was received by the defendant or by someone else by his consent. Idem., 1190, § 555. We need not, however, decide whether the plea, if it stood by itself, would be sufficient in the absence of demurrer, for, without regard to that question, it avails nothing if it is inconsistent with facts elsewhere alleged in the answer. As the court said in *Foren v. Dealey,* supra:

> "* * * If a defendant sets up that no consideration was given, and in a second defense sets forth the circumstances under which the note was given, the first branch of the answer will be interpreted by the second. (Kyle v. Harrington, 4 Abb. Pr. 42.) And if it appears from the circumstances that there was a consideration, the first defense, although direct and positive, will be of no avail."

See, also, *Metz v. Winne,* 15 Okla 1, 79 P 223; 8 C J 919, Bills and Notes § 1204. That is the posture of this case, for the settlement alleged constitutes a good consideration for the note and mortgage. *Nissen v. First National Bank,* 267 Fed 689; *Nissen v. First National*

*Bank,* 272 Fed 473; *Buno v. Gabriel,* 2 Colo App 295, 30 P 260; *Morey v. Laird,* 108 Ia 670, 77 NW 835; 10 CJS 623, Bills and Notes § 151. As in the case of an action on an account stated the consideration "is the relinquishment of the right of action upon the original account." 1 Am Jur 288, Accounts and Accounting § 34.

We are of the opinion that the affirmative answer failed to state a defense and that the court committed no error in refusing to receive evidence under it.

The decree is therefore affirmed.